OPINION
{¶ 1} Brian Roop, an inmate at the London Correctional Institution, appeals pro se from the trial court's denial of his motion to terminate post-release control.
 {¶ 2} The record reflects that the trial court convicted Roop of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity. He received concurrent three-year sentences for the convictions. After serving less than one year in prison, Roop unsuccessfully moved for judicial release. He subsequently filed a motion to terminate post-release control. The trial court denied the motion on April 29, 2003, finding the motion premature because Roop remained incarcerated and was not on post-release control. This timely appeal followed.
 {¶ 3} Although portions of Roop's appellate brief are difficult to follow, he appears to raise two related arguments. First, he contends the trial court erred by failing to make post-release control a part of his sentence. Second, he asserts that it would be unconstitutional for the parole board to impose a period of post-release control on him given the trial court's failure to make that sanction a part of his sentence.[1]
Upon review, we conclude that res judicata precludes Roop from prevailing on his first argument. We also agree with the trial court that Roop's motion is at best premature, insofar as he argues that it would be unconstitutional for the parole board to subject him to a period of post-release control.
 {¶ 4} With regard to the first issue, Roop's argument implicates R.C. § 2967.28 and the Ohio Supreme Court's decision in Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171. Because Roop was convicted of a second-degree felony and received a prison term, his sentence "shall include a requirement that [he] be subject to a period of post-release control imposed by the parole board after [his] release from imprisonment." See R.C. §2967.28(B). Furthermore, in Woods the Ohio Supreme Court held that "a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence." Id. at 513.
 {¶ 5} In the present case, we have no transcripts from any plea or sentencing hearings. Nevertheless, the record does reflect that Roop signed a document informing him of the post-release control requirement when he entered his no contest plea. He then signed another such document prior to sentencing. The trial court's sentencing entry itself, however, does not mention any post-release control to be imposed by the parole board after Roop's release from prison. Roop appears to argue that the trial court erred by failing to include the post-release control requirement in its sentencing entry. We note, however, that he could have raised this alleged sentencing error in a direct appeal because it does not depend on evidence outside the record. Errors in sentencing that are reflected in the record are waived, and res judicata applies, when a defendant fails to raise them in a direct appeal. State v. Combs (1991),73 Ohio App.3d 823, 824; see also State v. Perry (1967), 10 Ohio St.2d 175,180. As a result, Roop is not entitled to relief on the basis of his first argument.
 {¶ 6} Roop's second argument is that it would be unconstitutional to impose a period of post-release control on him given the trial court's failure to make that requirement a part of his sentence. Even assuming, arguendo, that the trial court erroneously failed to make post-release control a part of Roop's sentence, post-release control is actually imposed by the parole board after an offender's release from prison. See R.C. §2967.28(B). Roop remains incarcerated, and post-release control has not yet been imposed by the parole board. Thus, we find his motion at best premature, insofar as he argues that it would be unconstitutional for the parole board to impose post-release control given the trial court's failure to address the issue in its sentencing entry.
 {¶ 7} Based on the reasoning set forth above, we overrule Roop's assignment of error and affirm the judgment of the Miami County Common Pleas Court.
Judgment affirmed.
Wolff, J., and Grady, J., concur.
[1] Roop also asserts, in passing, that Ohio's "bad time" statute is unconstitutional. We agree. See State ex rel. Bray v.Russell (2000), 89 Ohio St.3d 132, 136 (holding that R.C. §2967.11, Ohio's "bad time" statute, "violates the doctrine of separation of powers and is therefore unconstitutional"). Roop cites nothing, however, to indicate that he has been assessed any "bad time" for offenses committed in prison. A bare observation that the statute is unconstitutional provides no basis for relief.