DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Duane P. Gibson has appealed from the sentencing decision of the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} Appellant was indicted by the Summit County Grand Jury on March 14, 2000, for aggravated arson, in violation of R.C.2909.02(A)(2); and burglary, in violation of R.C. 2911.12(A)(2). Appellant initially pleaded not guilty to the offenses, and the matter proceeded to a jury trial. At some point during the trial, however, Appellant changed his plea to guilty to both charges. The trial court sentenced Appellant to a definite term of eight years imprisonment for the crime of aggravated arson and a definite term of six years imprisonment for the crime of burglary; the sentences were ordered to be served consecutively.
 {¶ 3} Appellant appealed the trial court's decision to this Court on October 4, 2000. State v. Gibson (Apr. 11, 2001), 9th Dist. No. 20301, appeal denied (2001), 92 Ohio St.3d 1445. On direct appeal, Appellant argued that the trial court abused its discretion in sentencing Appellant to a maximum term of incarceration and by imposing a consecutive sentence in violation of the statutory guidelines provided under the felony sentencing laws. Id. at 2. This Court rejected Appellant's arguments. We found that the trial court complied with 1) R.C. 2929.14(B),State v. Edmonson (1999), 86 Ohio St.3d 324, and State v.Riggs (Oct. 11, 2000), 9th Dist. No. 19846, when it made specific findings at the sentencing hearing and explained that sentencing Appellant to less than the minimum sentence would not adequately protect the public from future crime; 2) R.C.2929.14(C) when it imposed the maximum sentence because the trial court explained in the journal entry of conviction that Appellant committed the worst form of the offense of aggravated arson and posed the greatest likelihood of committing future crimes; and 3) R.C. 2929.14(E)(4) when it sentenced Appellant to consecutive sentences because the trial made specific findings at the sentencing hearing and in the judgment entry of conviction. Id. at 2-7.
 {¶ 4} Appellant, on October 15, 2003, filed a motion entitled "Motion For Correction of Improperly Imposed Sentence Pursuant to [R.C. 2929.14(E)(B)] and the Mandates Held in the Supreme Court Case of State v. Comer, 99 Ohio St.3d 463." The trial court denied the motion on October 30, 2003. It is from the trial court's denial of this motion that Appellant has appealed, asserting one assignment of error.
 II Assignment of Error
"The trial court abused its discretion and violated [appellant's] Eighth and Fourteenth Amendment rights under the United States Constitution, and Article i section 10 of the Ohio Constitution after it failed to correct appellant[']s illegally imposed sentence."
 {¶ 5} In Appellant's sole assignment of error, he has argued that the trial court abused its discretion when it denied his motion to correct his sentence in accordance with State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. This Court disagrees.
 {¶ 6} As an initial matter, this Court notes that in Appellant's direct appeal of the trial court's sentencing decision he did not argue that the trial court erred in sentencing him to more than the minimum, maximum, and consecutive sentences because the court failed to make the proper findings on the record at the sentencing hearing and in the judgment entry of conviction. Appellant did not present these arguments until he filed his motion to correct his sentence, almost two years after the disposition of his direct appeal. As Appellant should have presented these arguments in his direct appeal, this Court finds that Appellant's arguments are barred by the doctrine of res judicata.
"Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175,180.
 {¶ 7} Although the Ohio Supreme Court had not yet issued its opinion in Comer when Appellant filed his direct appeal, this Court finds that because Appellant failed to argue in his direct appeal that the trial court's sentencing decision was an abuse of discretion based on its failure to make its findings both at the sentencing hearing and in the judgment entry of conviction, he has waived that argument for appeal. See State v. Haynes, 10th Dist. No. 03AP-574, 2004-Ohio-591, at ¶ 8, (holding that "[e]rrors in sentencing that are reflected in the record are waived when a defendant fails to raise them in his or her direct appeal."), citing State v. Combs (1991), 73 Ohio App.3d 823,824; see, also, State v. Roop, 2nd Dist. No. 2003-CA-23, 2004-Ohio-1025, at ¶ 5.
 {¶ 8} Assuming, arguendo, that Appellant's arguments are not barred by the doctrine of res judicata, this Court must affirm the trial court's decision because Appellant failed to file a transcript of the sentencing hearing. Without a transcript, we are unable to determine whether the trial court complied withComer and made the statutorily required findings and reasons "on the record" at the sentencing hearing. Consequently, this Court must presume regularity in the trial court's sentencing process and reject Appellant's arguments. State v. Galloway
(Jan. 31, 2001), 9th Dist. No. 19752, at 13, appeal not allowed (2001), 91 Ohio St.3d 1526.
 {¶ 9} For the foregoing reasons, we find that Appellant's sole assignment of error lacks merit.
 III {¶ 10} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Slaby, J., Baird, J. Concur.