The STATE of Ohio, Appellant,

v.

ROULETTE, Appellee.

[Cite as *State v. Roulette,* 163 Ohio App.3d 775, 2005-Ohio-5435.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 05CA2824.

Decided Oct. 4, 2005.

Scott W. Nusbaum, Ross County Prosecuting Attorney, and Sherri K. Rutherford, Assistant Prosecuting Attorney, for appellant.

David H. Bodiker, Ohio Public Defender, and Daniel L. Silcott, Assistant Public Defender, for appellee.

KLINE, Judge.

{¶ 1} The State of Ohio appeals the judgment of the Ross County Court of Common Pleas that granted Ezekeil Roulette's motion to dismiss based on a statutory speedy-trial violation. The state argues that the trial court erred when it found that it failed to exercise reasonable diligence to bring Roulette to trial. Because we find that Roulette failed to meet his initial duty of providing written notice requesting final disposition and notifying the state of his whereabouts, we agree. Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

I

{¶ 2} On December 13, 2003, Roulette was arrested on one count of forgery. Roulette appeared before the Chillicothe Municipal Court on January 2, 2004. He waived his right to a preliminary hearing and agreed to be bound over to the Ross County Court of Common Pleas. The trial court ordered him released on his own recognizance. Ross County then transferred Roulette to Franklin County, where he faced charges for possession of cocaine. The Ross County Grand Jury indicted Roulette on February 27, 2004.

{¶ 3} The trial court issued a summons for Roulette to appear before the court on March 15, 2004. The summons, which was mailed to Roulette's last known address, was returned unserved. Another summons, sent by certified mail, was also returned unserved. However, a summons and a copy of the indictment were sent to the Franklin County Jail on March 1, 2004. Roulette admits receiving those documents.

{¶ 4} Roulette was convicted of the charges pending in Franklin County and was sentenced to prison on June 1, 2004. He was released from prison in October 2004. Thereafter, he was again served with a summons and a copy of the indictment. He appeared before the trial court for an arraignment on October 12, 2004. Roulette then filed a motion to dismiss the indictment alleging that the state had violated his statutory right to a speedy trial.

{¶ 5} After a hearing, the trial court granted Roulette's motion. In its judgment entry, the court found the following facts: "Subsequent to his December 13th, 2003 arrest, Defendant appeared in the Chillicothe Municipal Court on January 2nd, 2004. Defendant waived his right to a preliminary hearing and agreed to be bound over to the Ross County Court of Common Pleas. Defendant was released on his own recognizance. However, Defendant was immediately transported to the Franklin County Jail where he was confined on other matters. Defendant was then sent to the penitentiary in June of 2004. Since October of 2004, Defendant has been incarcerated at the Correction Reception Center.

{¶ 6} "Defendant was indicted on this charge on February 27th, 2004. Attempted service of the Indictment at Defendant's address of 2014 Seventeenth Street, Portsmouth, Ohio was returned unserved on April 4th, 2004. On March 1st, 2004, the Ross County Sheriff's Office sent to the Franklin County Sheriff a request for service of the Indictment upon Defendant who was still incarcerated in the Franklin County Jail. Defendant testified that he received a copy of the Indictment while in the Franklin County Jail. However, no return of that service was sent by Franklin County back to Ross County."

{¶ 7} Based on these facts, the trial court found that, pursuant to R.C. 2945.72(A), the state failed to exercise reasonable diligence to secure Roulette's availability. Specifically, the trial court found that the state knew that Roulette was confined in the Franklin County Jail, and then failed to take the necessary steps to determine his location once transferred to prison. Therefore, the trial court concluded that the statutory period stated in R.C. 2945.71(C)(2) was not extended by R.C. 2945.72(A), and ordered the indictment dismissed.

{¶ 8} The state appeals and assigns the following assignment of error: "The trial court erred in issuing a judgment entry granting defendant's motion to dismiss."

## II

{¶ 9} In its sole assignment of error, the state argues that the trial court erred when it granted Roulette's motion to dismiss. Specifically, the state argues that R.C. 2941.401 actually placed the burden of informing the state of his precise location on Roulette. Roulette argues that from the date of his arrest to the date

Franklin County transferred him to prison, R.C. 2945.72(A) applied to this case. He notes that at the time of his transfer, approximately 180 days remained in which the state could properly try him under the indictment. Roulette also argues that the state always knew he was confined on other matters, thus creating a presumption that the state failed to exercise reasonable diligence in locating him.

{¶ 10} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant a speedy trial by the state. *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579. Additionally, Section 10, Article I of the Ohio Constitution provides that all criminal defendants have a right to a speedy trial. However, the constitutions do not specify any timeline required to ensure the protection of this right.

{¶ 11} R.C. 2945.71(C)(2) provides that a criminal defendant charged with a felony shall be brought to trial within 270 days of his arrest. R.C. 2945.72(A) extends that time when "the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability."

{¶ 12} R.C. 2941.401 provides, "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."

{¶ 13} In *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, the Ohio Supreme Court held that R.C. 2941.401 does not place a duty upon the state to exercise reasonable diligence to discover the location of an imprisoned defendant against whom charges are pending. Id. at ¶ 20. Instead, the court found that the statute actually places "the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition." Id. Until the defendant meets this burden, the state is under no obligation to exercise reasonable diligence to locate the defendant. Id.

{¶ 14} Pursuant to the Ohio Supreme Court's holding in *Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, we hold that when a criminal defendant is aware of pending charges and fails to file a written notice as permitted by R.C. 2941.401, the speedy-trial time period codified in R.C. 2945.71(C)(2) tolls until his release from prison. While R.C. 2945.72(A) places a duty of reasonable diligence to secure a criminal defendant's availability on the state, that duty is not triggered if the criminal defendant is aware of the pending charges and fails to exercise his duty under R.C. 2941.401 and the state is not aware of his whereabouts.

{¶ 15} Here, Roulette admits that he received notice of the indictment while in the Franklin County Jail. At that point, the state was beginning to exercise reasonable diligence to secure his availability at trial. After Roulette was transferred to prison, the state did not have knowledge of his whereabouts, but Roulette knew there was a pending and untried indictment against him. The statutory time frame provided for in R.C. 2945.71(C)(2) had not expired at the time of the transfer.

{¶ 16} When Roulette was transferred to prison, the state's duty to exercise reasonable diligence pursuant to R.C. 2945.72(A) ceased because the state no longer had knowledge of his whereabouts. R.C. 2941.401 then triggered Roulette's duty to issue a written notice and request a final disposition. Roulette failed to issue this notice and inform the state of his whereabouts. Therefore, he failed to exercise his initial duty under R.C. 2941.401. Without that written notice, the state did not have a duty to exercise reasonable diligence to secure his availability under R.C. 2945.72(A). The trial court's judgment entry is erroneous as a matter of law. Accordingly, we reverse the judgment and remand this cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

HARSHA and McFARLAND, JJ., concur in judgment only.