OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from a judgment of the trial court dismissing the indictment of defendant-appellee Christopher Stewart for Tampering with Evidence upon the ground that more than two hundred and seventy days had elapsed since the date of Stewart's arrest, in violation of the speedy trial deadline set forth in R.C. 2945.71. The State contends that the trial court erred in dismissing this case, because the State brought Stewart to trial within two hundred and seventy days of his arrest. Specifically, the State contends that the trial court erred in its computation of speedy trial time when it counted the day of arrest and the days Stewart was in prison for a previous conviction.
 {¶ 2} We conclude that the trial court erred in counting three days for the day of arrest on August 18, 2004, because the day of arrest is not counted when computing speedy trial time. See State v. Cline, Champaign App. No. 2002-CA-05, 2003-Ohio-4712, at ¶ 27. We also conclude that the trial court erred in counting the days between August 31, 2004, and January 26, 2005, when Stewart was in prison for a previous conviction, because Stewart failed to request a final disposition of this case to trigger the one hundred and eighty day speedy trial requirement under R.C. 2941.401, the controlling statute. Therefore, we conclude that the trial court erred in sustaining Stewart's motion to dismiss, because the State brought Stewart to trial within two hundred and seventy days of his arrest in accordance with R.C. 2945.71.
 {¶ 3} Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 4} On August 9, 2004, Christopher Stewart was indicted for Tampering with Evidence, a felony of the third degree. Although Stewart was initially arrested on May 4, 2004, he was released that same day. Stewart was re-arrested for the charge on August 18, 2004, and booked into the county jail. On August 19, 2004, a probation violation in Case No. 2002-CR-3675 was filed against Stewart. On August 24, 2004, Stewart was sentenced to six months of imprisonment for Receiving Stolen Property in Case No. 2003-CR-4727. On August 31, 2004, Stewart was delivered to the institution to serve that sentence until January 26, 2005, when he was transported back to the county jail.
 {¶ 5} On September 7, 2004, the trial court continued this case until September 14, 2004. On September 14, 2004, Stewart filed a motion for a continuance, and the trial court granted Stewart's motion continuing this case until September 28, 2004. On February 14, 2005, Stewart filed a motion to dismiss, arguing that two hundred and seventy days had elapsed since the date of his arrest in violation of the time limits set forth in R.C.2945.71. Two months later, Stewart was released on his own recognizance. On November 30, 2005, the trial court overruled Stewart's motion to dismiss. The trial court set Stewart's trial date for January 30, 2006. On January 18, 2006, the trial court rescheduled Stewart's trial for February 2, 2006.
 {¶ 6} On February 2, 2006, Stewart orally moved to dismiss this case, asserting again that two hundred and seventy days had elapsed since the date of his arrest, in violation of the time limits set forth in R.C. 2945.71. The trial court sustained Stewart's motion, and dismissed this case, finding that two hundred and seventy-one days had elapsed since the date of Stewart's arrest on August 18, 2004, in violation of the speedy trial deadline set forth in R.C. 2945.71. From the judgment of the trial court dismissing this case, the State appeals.
 II {¶ 7} The State's sole assignment of error is as follows:
 {¶ 8} "THE STATE BROUGHT STEWART TO TRIAL WITHIN THE 270-DAY SPEEDY TRIAL TIME LIMITATION. THEREFORE, THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE STATE HAD VIOLATED STEWART'S RIGHT TO A SPEEDY TRIAL AND DISMISSED THE CHARGE."
 {¶ 9} The State contends that the trial court erred in sustaining Stewart's motion to dismiss, because the State brought Stewart to trial within two hundred and seventy days of his arrest in accordance with R.C. 2945.71.
 {¶ 10} In dismissing this case on February 2, 2006, the trial court found as follows:
 {¶ 11} "[T]he Court does find that the period of time from August 18th to 19th would count as three days chargeable against the State. The period from August 19th to September 14th would be 27 days at a one-for-one calculation.
 {¶ 12} "The Court finds that there was a continuance until September 28th procured at the request of the defendant. And that from September 28th until January 26th, 120 days elapsed at the one-for-one count.
 {¶ 13} "The Court finds that on January 26th the defendant was re-arrested and held in incarceration at least until his motion was filed on February 14th, 2005. Those 19 days would calculate with the three-for-one provision at 57 days, making 207 days chargeable against the State as of the Motion to Dismiss and the Court's ruling on that on November 30th.
 {¶ 14} "Time would be tolled between that filing date of February 14th and November 30th, and the Court finds that thereafter today would be the 64th day, which would make 271 days."
 {¶ 15} The State contends that the trial court erred in counting three days for the day of arrest on August 18, 2004. We agree.
 {¶ 16} When computing speedy trial time, the day of arrest is not counted. State v. Cline, Champaign App. No. 2002-CA-05, 2003-Ohio-4712, at ¶ 27. Therefore, the time for bringing Stewart to trial began running on August 19, 2004, the day after his arrest. See State v. Knight, Greene App. No. 03-CA-014,2005-Ohio-3179, at ¶ 13, citing Cline, supra. We conclude that the trial court erred in counting three days for the day of arrest on August 18, 2004, because the day of arrest is not counted when computing speedy trial time. See Cline, supra.
 {¶ 17} The State also contends that the trial court erred in counting the days between August 31, 2004, and January 26, 2005, when Stewart was in prison for a previous conviction. The State contends that R.C. 2945.71 ceased to govern the time the State needed to bring Stewart to trial when he entered a term of imprisonment on a previous conviction. The State contends that at that point, the two hundred and seventy day speedy trial deadline began to toll and the provisions of R.C. 2941.401 began to control. The State contends that Stewart failed to make a written request for final disposition of this case in accordance with R.C. 2941.401, and therefore, the statute's one hundred and eighty day time limitation did not begin to run.
 {¶ 18} R.C. 2945.71(C)(2) provides that a person charged with a felony must be brought to trial within two hundred and seventy days of arrest. R.C. 2945.71(F) provides that R.C. 2945.71 shall not be construed to modify R.C. 2941.401 in any way.
 {¶ 19} R.C. 2941.401 provides, in pertinent part, that "[w]hen a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *.
 {¶ 20} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 21} When a defendant is incarcerated in this state on other charges, R.C. 2941.401, a specific statute, prevails over the general speedy trial statutes of R.C. 2945.71 et seq., and governs the time within which the state must bring him or her to trial. See R.C. 2945.71(F); State v. Munns, 5th Dist. No. 2005-CA-0065, 2006-Ohio-1852, at ¶ 16; State v. Mavroudis,
7th Dist. No. 02 CO 44, 2003-Ohio-3289, at ¶ 27; State v.Cox, 4th Dist. No. 01CA10, 2002-Ohio-2382, at ¶ 17; Statev. Pesci, 11th Dist. No. 2001-L-026, 2002-Ohio-7131, at ¶¶ 41-43; State v. Ward, 12th Dist. No. CA99-12-114, 2000 WL 1370993, at *4; State v. Fox, 8th Dist. No. 63100, 1992 WL 309353, at *1. When the defendant is imprisoned on a previous conviction, R.C. 2945.71 ceases to govern and the two hundred and seventy day speedy trial deadline is tolled. See Cleveland v.Adkins, 8th Dist. No. 83295, 2004-Ohio-1118, at ¶ 6; Statev. Hill, 4th Dist. No. 96 CA 4, 1996 WL 754250, at *6. The provisions of R.C. 2941.401 control, and the one hundred and eighty day speedy trial deadline under R.C. 2941.401 does not begin to run until the defendant sends written notice of the place of his imprisonment and a request for a final disposition of the matter to the prosecuting attorney and appropriate court. See R.C. 2941.401; Adkins, supra, at ¶ 6; Hill, supra, at *7.
 {¶ 22} We have cited the great weight of authority we have found in support of the proposition that once a person under indictment has begun serving a prison sentence in another case, the provisions of R.C. 2941.401 apply, to the exclusion of the provisions of R.C. 2945.71, et seq., so that the running of speedy trial time under the latter statute is tolled. We have found no authority to the contrary. Although we consider this question to be a difficult one, the whole point of speedy trial provisions is to impose bright-line rules, by their nature arbitrary, to enforce a criminal defendant's constitutional right to a speedy trial. This interest would be ill-served by having different rules in different appellate districts. Therefore, we will follow the great weight of authority we have cited.
 {¶ 23} In this case, Stewart was imprisoned from August 31, 2004 to January 26, 2005 for a previous conviction for Receiving Stolen Property in Case No. 2003-CR-4727. At no point did Stewart request a final disposition of the pending charge against him in this case. Therefore, he was not entitled to assert any speedy trial deadline. See Adkins, supra, at ¶ 7.
 {¶ 24} We conclude that the trial court erred in counting the days between August 31, 2004, and January 26, 2005, when Stewart was serving a prison sentence for a separate conviction.
 {¶ 25} Stewart has not rebutted the State's arguments, but contends that the trial court took an unnecessary amount of time from February 14, 2005, to November 30, 2005, to decide his first motion to dismiss. Stewart contends that the filing of a motion to dismiss does not extend the speedy trial time indefinitely, and that most of the time between February 14, 2005, to November 30, 2005, should be chargeable against the State.
 {¶ 26} Stewart not only failed to raise this argument in the trial court, but expressly conceded that the time between February 14, 2005 — the filing of the motion to dismiss — to November 30, 2005 — the trial court's decision on the motion to dismiss — was tolled for speedy trial purposes. During the proceedings on Stewart's second motion to dismiss, defense counsel stated as follows:
 {¶ 27} "I filed a Motion to Dismiss the case on speedy trial under the statute of 2945.71 on February the 14th. Obviously filing that motion tolls the time at that point until the motion is decided upon.
 {¶ 28} "Judge Davis overruled that motion with an entry that was filed on November the 30th, 2005 * * *."
 {¶ 29} Because Stewart expressly conceded that the time from February 14, 2005, to November 30, 2005, was properly tolled for speedy trial purposes, any error in that regard was invited error, and we reject Stewart's argument on appeal that this time should have been charged against the State.
 {¶ 30} We conclude that the trial court erred in sustaining Stewart's motion to dismiss, because the State brought Stewart to trial within two hundred and seventy days of his arrest, in accordance with R.C. 2945.71.
 {¶ 31} The State's sole assignment of error is sustained.
 III {¶ 32} The State's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Wolff, J., concurs.