OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, Khabir A. Tisdale, has filed a petition for writ of habeas corpus with this Court. He is an inmate incarcerated in the Belmont Correctional Institution, St. Clairsville, Ohio. Respondent, Michele Eberlin, is the warden at that penal institution. Petitioner was convicted of attempted illegal conveyance of prohibited items and drug trafficking in Columbiana County in Case No. 04CR339, and received a fifteen-month prison sentence. He also pleaded guilty to one count of possession of drugs in Columbiana County in Case No. 05CR179, and received a sixth-month prison term. He further pleaded no contest to one count of possession of drugs in Columbiana County in Case No. 05CR275 and was sentenced to four years in prison. In addition, he pleaded guilty to one count of possession of drugs in Jefferson County in Case No. 04CR35 and received a sentence of four years in prison. Petitioner did not file a direct appeal to any of these convictions and sentences. He is now challenging his incarceration for two of these convictions based on a speedy trial error.
 {¶ 2} Respondent has filed a motion to dismiss the petition, first arguing that Petitioner has not satisfied the requirements for filing a habeas petition as set forth in R.C. § 2725.04. Specifically, Petitioner failed to file copies of all his commitment papers, as required by R.C. § 2725.04(D): "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." There are no commitment papers relating to Jefferson County Case No. 04CR35, which is clearly a significant part of the subject matter of *Page 2 
this petition for writ of habeas corpus. Failure to attach copies of all pertinent commitment papers requires dismissal of the petition. Boyd v.Money (1998), 82 Ohio St.3d 388, 696 N.E.2d 568; Hairston v.Seidner (2000), 88 Ohio St.3d 57, 723 N.E.2d 575. Respondent is correct, and this petition must be dismissed.
 {¶ 3} Furthermore, in order for a prisoner to be entitled to a writ of habeas corpus, he must be able to prove he or she is being held by virtue of a judgment that was beyond the scope of the jurisdiction of the court that entered the judgment. R.C. § 2725.05; Wireman v. OhioAdult Parole Auth. (1988), 38 Ohio St.3d 322, 528 N.E.2d 173. The writ must be denied where the inmate is not challenging the jurisdiction of the sentencing court. Id. Habeas relief is not a substitute for a direct appeal, and issues that could have been raised during direct appeal are generally waived for purposes of habeas proceedings. In re Piazza
(1966), 7 Ohio St.2d 102, 103, 218 N.E.2d 459.
 {¶ 4} Petitioner is raising a speedy trial issue. The Sixth andFourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. Klopfer v.N. Carolina (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1. Section 10, Article I of the Ohio Constitution also provides for a speedy public trial. State v. Ladd (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579. Various statutory speedy trial rights also exist. Petitioner is claiming a speedy trial right arising out of R.C. § 2941.401, which states in part: *Page 3 
 {¶ 5} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance." R.C. § 2941.401 further states that: "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 6} Petitioner contends that his speedy trial rights were violated in Jefferson County Case No. 04CR35 and Columbiana County Case No. 05CR275 because these two cases were not tried within the 180-day time period set forth in R.C. § 2941.401. In rebuttal, Respondent contends that speedy trial issues must be resolved in direct appeal and that Petitioner cannot use habeas corpus proceedings as a substitute for direct appeal. Respondent is correct. The specific issue that Petitioner raises could have been reviewed on direct appeal. See, e.g., State v.Roulette, 163 Ohio App.3d 775, 2005-Ohio-5435, 840 N.E.2d 645. Speedy trial issues are regularly reviewed on direct appeal, and that is where such errors must be *Page 4 
reviewed. Travis v. Bagley (2001), 92 Ohio St.3d 322, 323,750 N.E.2d 166. It is true that R.C. § 2941.401 discusses how a court might lose jurisdiction over certain criminal charges that are brought while a defendant is serving a term of incarceration on other charges, but that is a question that can only be resolved after a court has obtained proper jurisdiction over a criminal case. Once a court exercises jurisdiction in a criminal case, the defendant may move for dismissal under R.C. § 2941.401 or for any other reason, and any errors involving the court's interpretation or application of R.C. § 2941.401 may be reviewed on direct appeal. Extraordinary relief such as a writ of mandamus or habeas corpus is not available to compel a court to dismiss charges pursuant to R.C. § 2941.401 because there is a clear and adequate remedy at law to resolve the matter. State ex rel. Bowling v.Court of Common Pleas of Hamilton County (1970), 24 Ohio St.2d 158,265 N.E.2d 296.
 {¶ 7} Petitioner has failed to follow the statutory requirements for filing a petition for writ of habeas corpus, and has raised an issue that cannot be addressed in habeas corpus proceedings. For these reasons, the petition is hereby dismissed.
 {¶ 8} Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
 Waite, J., Donofrio, J. and DeGenaro, P.J., concurs. *Page 1