OPINION
{¶ 1} Defendant-appellant, Eliezer Vazquez, appeals the decision of the Ashtabula County Court of Common Pleas, overruling his Motion to Dismiss — Speedy Trial and Motion to Dismiss — Double Jeopardy. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On April 10, 2001, Vazquez was sentenced in the Ashtabula County Court of Common Pleas to serve a two year prison term upon conviction for Complicity to *Page 2 
Robbery. The Judgment Entry of Sentence did not impose post release control as part of Vazquez' sentence nor did it make Vazquez subject to such controls. On March 30, 2003, upon his release from prison, the State placed Vazquez on post release control for a period of three years.
 {¶ 3} On April 5, 2005, Ashtabula police responded to a report of domestic violence at Vazquez' apartment, involving Vazquez and his live-in girlfriend, Stacy Carrick. Police searched the apartment and discovered a shot gun in the bedroom closet. Carrick subsequently obtained a temporary protection order against Vazquez. On April 28, 2005, Vazquez was arrested and charged, initially in Ashtabula Municipal Court, with Having Weapons Under Disability, a third degree felony in Violation of R.C. 2923.13(A)(2). Charges were also filed against Vazquez, in different cases, for Domestic Violence and Violation of a Temporary Protection Order.
 {¶ 4} On May 4, 2005, Vazquez was notified that a Release Violation Hearing would be held on May 19, 2005, to determine whether he had violated the terms and conditions of his post release control.
 {¶ 5} On May 9, 2005, the Having Weapons Under Disability charge was bound over to the Ashtabula Court of Common Pleas. An indictment was subsequently filed charging Vazquez with Having Weapons Under Disability.
 {¶ 6} Vazquez posted bond and was released from jail on May 13, 2005.
 {¶ 7} On May 19, 2005, the Adult Parole Authority imposed a one hundred and ninety-two day sentence on Vazquez for violating the terms of his post release control. Vazquez remained incarcerated for the violation from May 20, 2005, until November 27, 2005. *Page 3 
 {¶ 8} On November 1, 2005, Vazquez filed a request for discovery pursuant to Criminal Rule 16. The State filed its response and a Bill of Particulars on November 9, 2005.
 {¶ 9} On February 8, 2006, Vazquez filed two Motions to Dismiss based on double jeopardy and the violation of his speedy trial rights. On March 1, 2006, the trial court held a hearing on Vazquez' motions. On March 14, 2006, the trial court denied both motions.
 {¶ 10} On May 23, 2006, Vazquez entered a plea of "no contest" and was found guilty of Having Weapons Under Disability. On September 19, 2006, the trial court imposed two years of community control, a hundred dollar fine, and ordered that Vazquez should continue any aftercare programs recommended by his probation officer or the Lake Area Recovery Center and be subject to unannounced urinalysis. This appeal timely follows.
 {¶ 11} On appeal, Vazquez raises the following assignments of error:
 {¶ 12} "[1.] The trial court erred when it overruled Appellant's motion to dismiss for a violation of speedy trial limitations.
 {¶ 13} "[2.] The trial court erred when it overruled Appellant's motion to dismiss for a violation of the double jeopardy clauses of the United States and Ohio Constitutions."
 {¶ 14} A person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C.2945.71(C)(2). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 *Page 14 
and 2945.72 of the Revised Code." R.C. 2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).
 {¶ 15} For the purposes of calculating time under the speedy trial statute, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C.2945.71(E). "R.C. 2945.71[(E)] is applicable only to those defendants held in jail in lieu of bail solely on the pending charge." State v.MacDonald (1976), 48 Ohio St.2d 66, paragraph one of the syllabus;State v. Brown, 64 Ohio St.3d 476, 479, 1992-Ohio-96 (citation omitted). When a defendant is held in jail for reasons other than the currently pending charges, such as a holder issued pursuant to an outstanding warrant, the triple-count provision does not apply. Brown,64 Ohio St.3d at 479; State v. Keyse (Sept. 9, 1988), 11th Dist. No. 12-122, 1988 Ohio App. LEXIS 3647, at *5 ("[t]he reasoning is that if the accused would remain incarcerated even after the pending charge was dropped, the provision should not apply").
 {¶ 16} However, "[t]he time within which an accused must be brought to trial * * * may be extended" for "[a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him * * * provided that the prosecution exercises reasonable diligence to secure his availability." R.C. 2945.72(A).
 {¶ 17} For the purpose of calculating the time within which Vazquez had to be brought to trial, the count began on April 29, 2005, the day after his arrest. Crim.R. 45(A) ("[i]n computing any period of time prescribed * * * by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included"); State v. Bradley, 11th Dist. No. 2004-T-0080,2005-Ohio-6572, at ¶ 20 *Page 5 
(citations omitted). Since Vazquez was being held on multiple charges, the triple-count provision does not apply to this period of incarceration. Vazquez was released from jail on May 13, 2005. Between April 29 and May 13, 2005, fifteen days had elapsed for the purpose of bringing Vazquez to trial.
 {¶ 18} From May 14 through May 19, 2005, when Vazquez was found to have violated his community control, six days elapsed for a total of twenty-one days for the purpose of bringing Vazquez to trial.
 {¶ 19} From May 20 to November 27, 2005, a period of one hundred ninety-two days, Vazquez was incarcerated for violating community control. How these days should be counted with respect to the speed trial statute is in dispute.
 {¶ 20} According to the State, the running of the speedy trial period was tolled during these one hundred ninety-two days. The State relies on R.C. 2941.401, which provides in relevant part: "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *."
 {¶ 21} In State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, the Ohio Supreme Court held that R.C. 2941.401 does not "requir[e] the state to exercise reasonable diligence to locate an incarcerated defendant," rather, "R.C. 2941.401 places the initial duty on the defendant to cause written notice to be delivered to the *Page 6 
prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition." Id. at ¶ 20. Following Hairston, several courts of appeals had held that the running of the speedy trial period is tolled unless the accused files the notice required by R.C. 2941.401. State v. Roulette, 163 Ohio App.3d 775,2005-Ohio-5435, at ¶ 14 ("when a criminal defendant is aware of pending charges and fails to file a written notice as permitted by R.C.2941.401, the speedy trial time period codified in R.C. 2945.71(C)(2) tolls until his release from prison"); State v. Larkin, 5th Dist. No. 2004-CA-103, 2005-Ohio-3122, at ¶ 19 ("because appellant failed to provide the requisite notice, the speedy trial time for the pending offenses was tolled while he was in prison"); State v. Branham, 8th Dist. No. 84855, 2005-Ohio-1313, at ¶ 12 ("pursuant to R.C. 2941.401, incarcerated defendants who are aware of active cases against them prior to their incarceration must file a notice of availability with the court and the prosecuting attorney in order to be accorded speedy trial relief").
 {¶ 22} Vazquez maintains the speedy trial count continued to run during his incarceration for violation of his post release control. Vazquez' argument is based on his assertion that his imprisonment for violating post release control was illegal. In State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, the Ohio Supreme Court held, "unless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it." Id. at ¶ 19. The Supreme Court subsequently held that an offender who has served his prison term and has been discharged cannot, in the absence of the required notification of post release control, be imprisoned for violating post release control. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, at ¶ 1 (granting a writ of habeas corpus to compel the release of the petitioner, imprisoned for *Page 7 
violating the terms of post release control when he was not notified at his sentencing hearing that he would be subject to post release control and the post release control was not incorporated into the trial court's sentencing entry).
 {¶ 23} According to the State's calculation, only twenty-one days of the speedy trial count had elapsed from the time of Vazquez' arrest until his release from prison for violating post release control.
 {¶ 24} If Vazquez' argument is accepted, a period of one hundred and eighty-three days elapsed while he was imprisoned for violating post release control. Although he had spent one hundred ninety-two days in prison, nine of these days, representing the period from November 1 to November 9, 2005, were tolled pending Vazquez' request for discovery. R.C. 2945.72(E) ("[t]he time within which an accused must be brought to trial * * * may be extended" for [a]ny period of delay necessitated by reason of * * * a motion, proceeding, or action made or instituted by the accused"); State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at the syllabus ("[a] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)"). According to Vazquez, then, two hundred and four days had elapsed from the speedy trial period upon his release from prison.
 {¶ 25} The final period before the filing of Vazquez' motions to dismiss is a period of seventy-two days from November 28, 2005, until February 7, 2006. According to the State's calculations, this final period brings the total number of elapsed days for speedy trial purposes to a total of ninety-three days. According to Vazquez' calculations, two hundred and seventy-six days have elapsed. *Page 8 
 {¶ 26} The issue under the first assignment of error is whether the running of the speedy trial period was tolled during Vazquez' imprisonment for violating community control sanctions under circumstances that the Ohio Supreme Court deemed improper inHernandez. We hold that the speedy trial period was tolled.
 {¶ 27} Initially, we will consider the argument raised by the State and adopted by the court below that Vazquez' cannot raise the issue of his illegal sentence, because that sentence became res iudicata upon its expiration. "Errors in sentencing that are reflected in the record are waived, and res judicata applies, when a defendant fails to raise them in a direct appeal." State v. Roop, 2nd Dist. No. 2003-CA-23,2004-Ohio-1025, at ¶ 5 (considering a prisoner's motion to terminate post release control prior to the expiration of the prison term).
 {¶ 28} Recent decisions of the Ohio Supreme Court clearly reject this approach. In Hernandez, the offender sought a writ of habeas corpus after being imprisoned for violating post release control where, as in Vazquez' situation, post release control was not included in the original judgment entry of sentence. The Supreme Court acknowledged that, "[i]n general, `sentencing errors by a court * * * cannot be remedied by extraordinary writ,' because the petitioner `has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error.'"2006-Ohio-126, at ¶ 11, quoting State ex rel. Jaffa/ v. Calabrese, 105 Ohio St.3 440, 2005-Ohio-2591, at ¶ 5. The court, however, concluded that the failure to take a direct appeal did not preclude granting the writ, as the petitioner was not challenging the original judgment entry of sentence but, rather, the Adult Parole *Page 9 
Authority's authority to impose post release control and to re-imprison him for violating the terms of that control. Id. at ¶ 12.
 {¶ 29} Similarly, in State ex rel. Cruzado v. Zaleski,111 Ohio St.3d 353, 2006-Ohio-5795, an offender filed a writ of prohibition to prevent a trial judge from re-sentencing him to correct a prior sentencing entry which had omitted a written statement regarding post release control. The petitioner raised the argument that "trial courts lack authority to reconsider their own valid final judgments in criminal cases." Id. at ¶ 18, quoting State ex rel. White v. Junkin, 80 Ohio St.3d 335, 338,1997-Ohio-340. The Supreme Court responded by noting that an exception existed to this rule allowing a trial court to correct a void sentence. Id. at ¶ 19 (citations omitted). A sentencing entry that failed to include a required term of post release control was such a void sentence to which the exception would apply. Id. ¶ 20, citing State v.Beasley (1984), 14 Ohio St.3d 74, 75 ("[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void"), and Jordan, 2004-Ohio-6085, at ¶ 23 ("where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant").
 {¶ 30} Accordingly, that part of Vazquez' sentence imposing post release control was "a nullity" and "void." The imposition of post release control did not become a valid part of Vazquez' sentence for Complicity to Robbery merely because he did not directly appeal the sentence or because he completed his term of imprisonment.
 {¶ 31} The issue of whether Vazquez' imprisonment for violating post release control in another legal proceeding was void or illegal, however, is not determinative of *Page 10 
the present appeal. The determinative question in this case is whether the speedy trial period continued to run during that confinement.
 {¶ 32} The relevant provisions of the Revised Code provide for tolling where an offender is "unavailable * * * by reason of other criminal proceedings against him" and "[w]hen a person has entered upon a term of imprisonment in a correctional institution of this state," while other charges are pending. R.C. 2945.72(A) and R.C. 2941.401 respectively. These provisions apply due to the mere fact of an offender's confinement while other charges are pending. The validity of the confinement, while perhaps of great importance in the proceedings which are the cause of the confinement, are of no importance to a prosecution whose proceedings are disrupted by that confinement. Moreover, it would often be impossible for the courts, defendants, and prosecutors to evaluate the merits of potential speedy trial violations, where the merits are dependent on the outcome of other, unrelated proceedings. In the present case, for example, the State has no reason to doubt the legality of Vazquez' confinement until Vazquez raised the issue in his motion to dismiss.
 {¶ 33} Moreover, the statutes and case law clearly make Vazquez' duty of providing the court and prosecution written notice of his imprisonment essential to his right to raise a speedy trial argument. See Hairston, 2004-Ohio-969, at ¶ 22 (rejecting the argument that the State has "a duty of reasonable diligence" to locate an imprisoned offender before the offender's duty of notice arises); State v.Stewart, 2nd Dist. No. 21462, 2006-Ohio-4164, at ¶ 22 ("the great weight of authority * * * supports] * * * the proposition that once a person under indictment has begun serving a prison sentence in another case, the provisions of R.C. 2941.401 apply, to the exclusion of the provisions *Page 11 
in R.C. 2945.71, et seq., so that the running of speedy trial time under the latter statute is tolled"); R.C. 2945.71(F) (stating that the provisions of this statute "shall not be construed to modify in any way section 2941.401").
 {¶ 34} Accordingly, Vazquez' first assignment of error is without merit.
 {¶ 35} Under the second assignment of error, Vazquez argues the illegality of his confinement for violating community control subjects him to double jeopardy under the current indictment for Having Weapons Under Disability.
 {¶ 36} In State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661, the Ohio Supreme Court held: "R.C. 2967.28(F)(4), which specifies that a person released in postrelease control who violates conditions of that postrelease control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right, does not violate the Double Jeopardy Clause of the United States or Ohio Constitution." Id. at syllabus.
 {¶ 37} Vazquez argues that Martello does not apply in the present situation because the Adult Parole Authority did not have the authority to imprison him for violating post release control. The issue of the Parole Authority's authority to punish Vazquez for violating post release control, as well as the issue of whether Vazquez could be subject to post release control, has no bearing on the issue of double jeopardy. An illegal confinement for violation of post release control by possessing a shot gun does not immunize Vazquez from prosecution from Having Weapons Under Disability any more than his legal confinement would have immunized him. The legality of the confinement does not distinguish Martello.
 {¶ 38} The second assignment of error is without merit. *Page 12 
 {¶ 39} For the following reasons, the judgment of the Ashtabula County Court of Common Pleas, overruling Vazquez' motions to dismiss for double jeopardy and violation of the speedy trial statutes, is affirmed.
WILLIAM M. O'NEILL, J., concurs with a Concurring Opinion,
COLLEEN MARY OTOOLE, J., dissents.