DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Parrish ("Appellant") appeals his conviction in the Washington County Court of Common Pleas for aggravated burglary. He contends his trial counsel was ineffective in failing to raise a meritorious speedy trial issue. He further alleges the trial court erred by ordered him to serve a maximum prison term for his crime. Because we find the Appellant's speedy trial rights were not violated, and the trial court did not err when it sentenced him to the maximum prison term for his offense, we affirm the judgment of the trial court. *Page 2 
 I. Facts {¶ 2} The Appellant was arraigned on four charges, aggravated burglary (count 1), burglary (count 2), robbery (count 3), and theft of a firearm (count 4) on July 26, 2005. At the time he was arraigned, the Appellant was serving an eleven month prison sentence on other charges. At the arraignment, the Appellant entered a plea of not guilty, and reserved the right to file a plea of not guilty by reason of insanity at a later date.
 {¶ 3} Pursuant to the Appellant's request to be evaluated, the trial court ordered a competency evaluation. The evaluation was performed, and at a June 2, 2006 hearing, the Appellant was found competent to stand trial. Prior to trial, the Appellant filed a motion to dismiss the charges, claiming a violation of his right to a speedy trial. He also filed a motion to suppress. The trial court denied both motions on July 17, 2006. A jury trial followed. Before the case went to the jury, the Appellant made a Crim.R. 29 motion for acquittal on the theft of a firearm charge, arguing that the State ("Appellee") had not presented evidence the firearms involved were operable. The trial court denied the Appellant's motion. The jury ultimately found the Appellant guilty of all charges.
 {¶ 4} On August 23, 2006, the trial court sentenced the Appellant to ten years for the aggravated burglary conviction, a first degree felony, and *Page 3 
found that the remaining three convictions were allied offenses of similar import. Therefore, the trial court did not impose a sentence for the burglary, robbery, or theft convictions. The trial court also ordered the Appellant to pay restitution in the amount of $80.00. The trial court filed its journal entry August 30, 2006. The Appellant now appeals this decision, asserting the following assignments of error:
 II. Assignments of Error {¶ 5} 1. WHEN TRIAL COUNSEL FAILS TO RAISE A MERITORIOUS SPEEDY TRIAL ISSUE, COUNSEL RENDERS CONSTITUTIONALLY DEFICIENT AND PREJUDICIAL PERFORMANCE, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I, OHIO CONSTITUTION.
 {¶ 6} 2. THE TRIAL COURT ERRED WHEN IT ORDERED MR. PARRISH TO SERVE THE MAXIMUM PRISON TERM. THIS ERROR DEPRIVED MR. PARRISH OF HIS FIFTH
AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS, AND HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JURY.
 III. Legal Analysis {¶ 7} In his first assignment of error, the Appellant contends his trial counsel provided him with ineffective assistance, as he failed to raise a meritorious speedy trial issue. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was deficient by showing that *Page 4 
counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052. Second, an appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced an appellant's defense, the appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143,538 N.E.2d 373. Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. SeeStrickland, supra, at 689.
 {¶ 8} The Appellant argues that his trial counsel was deficient because he did not file a motion to dismiss for lack of a speedy trial under R.C. 2945.71. Unfortunately, R.C. 2941.401, not R.C. 2945.71, is the controlling statute in this case. State v. Stewart (Aug. 11, 2006), Montgomery App. No. 21462, 2006-Ohio-4164, sets forth the speedy trial implications when a defendant is incarcerated on other charges, and during the term of imprisonment there is an untried indictment against the prisoner, as follows:
 "When a defendant is incarcerated in this state on other charges, R.C. 2941.401, a specific statute, prevails over the general speedy trial statutes of R.C. 2945.71 et seq., and governs the time within which the state must bring him or her to trial. When the defendant is imprisoned on a previous conviction, RC. 2945.71 ceases to govern and the two hundred and seventy day speedy trial deadline is tolled. *Page 5 
The provisions of R.C. 2941.401 control, and the one hundred and eighty day speedy trial deadline under R.C. 2941.401 does not begin to run until the defendant sends written notice of the place of his imprisonment and a request for a final disposition of the matter to the prosecuting attorney and appropriate court."
 Stewart, supra, at ¶ 21 (citations omitted). Also see State v.Dankworth (2007), 172 Ohio App.3d 159, 873 N.E.2d 902 and State v.Vazquez, Ashtabula App. No.: 2006-A-0073, 2007-Ohio-2433.
 {¶ 9} In the case sub judice, the Appellant failed to file a written notice of the place of his imprisonment and a request for a final disposition of the matter pursuant to R.C. 2941.401. The attending 180 day time period, therefore, did not begin to run. The Appellant asserts that he never received a notice from the warden of the institution where he was held that he had been charged in the case at bar. This failure, however, is of no significance, as the Appellant himself had actual knowledge the charge was pending. He was served with a copy of the warrant on July 18, 2006, and appeared in Washington County, accompanied by counsel, for arraignment on the charges on July 26, 2005. At that point, he held the responsibility to file the written request, and he failed to do so.
 {¶ 10} In State v. Hairston (2004), 101 Ohio St.3d 308,804 N.E.2d 471, the Supreme Court of Ohio reversed an appellate court decision finding the state had violated the appellant's speedy trial rights under R.C. 2941.401. In Hairston, the warden of the institution where the defendant was *Page 6 
incarcerated failed to provide Hairston with notice of the fact that he had been indicated on other charges. Hairston, however, knew or had reason to know that he had been charged. Nonetheless, Hairston failed to file the written notice as required by R.C. 2941.401. The Court held that Hairston's failure to file the written request, despite the warden's failure to provide him notice of the new charges, meant that the 180 day speedy trial limit of R.C. 2941.401 had not begun to run.Hairston, supra, at paragraphs 21 and 26; see also, State v.Roulette (2005), 163 Ohio App.3d 775, 840 N.E.2d 645.
 {¶ 11} Here, the Appellant clearly knew he had been charged, and yet failed to file the required written notice. He was served with the indictment and was arraigned on the same. Because he failed to file a written notice pursuant to R.C. 2941.401, the 180 day speedy trial limit of that statute never began to run. As such, his claim that counsel below provided him with ineffective assistance by failure to argue that his speedy trial rights were violated fails.
 {¶ 12} In his second assignment of error, the Appellant argues that the trial court erred when it sentenced him to serve the maximum prison term for his aggravated burglary conviction. He contends that subsequent to the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, which struck down various portions of Ohio's *Page 7 
felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum violates his due process rights, as well as the safeguards against ex post facto laws. We disagree.
 {¶ 13} First, Foster was decided on February 27, 2006. The trial court held the Appellant's sentencing hearing on August 23, 2006. The Appellant should have raised the instant argument during the hearing so that the trial court could have addressed it. He failed to do so and that failure waives the issue on appeal. See State v. Close, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36, 2005-Ohio-2574, at ¶ 48; State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938. Also see, State v. Payne (2007),114 Ohio St.3d 502, 873 NE.2d 306, 2007-Ohio-4642.
 {¶ 14} Additionally, assuming arguendo that the Appellant had properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered the same ex post facto argument that the Appellant raises herein and we have rejected it each time. SeeState v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12;State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected it as well. See State v. *Page 8 Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v.Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v.Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10. We find nothing in the Appellant's brief to prompt us to revisit our conclusion, and we continue to adhere to Henry and Grimes, supra. Thus, for the reasons stated in those cases, we conclude that the trial court did not violate the Appellant's rights by imposing a maximum sentence for his aggravated burglary conviction.
 IV. Conclusion {¶ 15} In our view, counsel below was not ineffective for failure to raise a speedy trial violation, as the Appellant's speedy trial rights under R.C. 2941.401 were not violated. Additionally, we find that the trial court's imposition of a maximum sentence violated neither the Appellant's due process rights, nor the safeguards against ex post facto laws. Accordingly, we overrule both of the Appellant's assigned errors and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment and Opinion. *Page 1