CITY OF CLEVELAND, Appellant,

v.

ADKINS, Appellee.

[Cite as *Cleveland v. Adkins,* 156 Ohio App.3d 482, 2004-Ohio-1118.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83295.

Decided March 11, 2004.

Subodh Chandra, Director of Law, and Donald Gallick, Assistant City Prosecutor, for appellant.

Richard L. Adkins, pro se.

_____

ANNE L. KILBANE, Presiding Judge.

{¶ 1} The city of Cleveland appeals from an order of Cleveland Municipal Court Judge C. Ellen Connally that dismissed a misdemeanor complaint against Richard L. Adkins after the judge found that the statutory speedy-trial deadline had passed. The city argues that Adkins was not entitled to assert the deadline because he had not filed a written notice that he was revoking his previously executed speedy-trial waiver, and it also argues that the speedy-trial deadline was

tolled while Adkins was in prison for another offense. We reverse and remand for reinstatement of the charges.

{¶ 2} On June 16, 2002, then 38–year–old Adkins was arrested after a traffic stop at West 130th Street and Matherson Avenue in Cleveland. He was charged with four misdemeanor offenses under Cleveland Codified Ordinances ("C.C.O."), including (1) driving while intoxicated [1]; (2) driving under suspension [2]; (3) failure to stop after an accident [3]; and (4) failure to display plates.[4] On June 24, 2002, he appeared for a pretrial hearing, apparently without a lawyer, and signed a card containing a waiver of the statutory speedy-trial period. A pretrial hearing was set for July 29, 2002, but several continuances delayed it. On October 15, 2002, Adkins executed another waiver form, which was also signed by his lawyer. The form stated his statutory speedy trial rights, that he had been informed of those rights, and that he waived those rights and consented "to a continuance of the case beyond the statutory period."

{¶ 3} On the same date that Adkins executed this waiver, the judge continued the pretrial until December 13, 2002. The delay was sought and granted because Adkins had a felony charge pending in Cuyahoga County Common Pleas Court, and, it seems, he wanted to resolve that case before addressing the municipal charges. The felony charge, harassing an inmate,[5] apparently resulted from his conduct in jail after the June 16, 2002 arrest. He was found guilty of that offense after pleading no contest and, on December 2, 2002, he was sentenced to six months in prison.

{¶ 4} Adkins's lawyer appeared at the December 13, 2002 pretrial and advised the judge that his client was incarcerated. The judge issued a capias for Adkins's arrest, but it does not appear that any steps were taken to procure his presence for trial until after he was released. On April 10, 2003, Adkins moved to dismiss, alleging that the delay between December 13, 2002, and April 10, 2003, violated his right to a speedy trial. The judge granted the motion after a hearing, despite the city's argument that the speedy-trial deadline was tolled while Adkins was in prison because he had not filed a written request that his trial go forward. On appeal, the city states a single assignment of error, included in an appendix to this opinion. Adkins has not filed a responsive brief.

1. C.C.O. 433.01.

2. C.C.O. 435.07(a), a first degree misdemeanor.

3. C.C.O. 435.15, a first degree misdemeanor.

4. C.C.O. 435.09(a).

5. R.C. 2921.38, a fifth degree felony.

{¶ 5} When reviewing a ruling on a speedy-trial issue, we give deference to the judge's factual findings, but we review the application of those facts to the law de novo.[6]  Adkins was charged with two first degree misdemeanors and, therefore, he was entitled to trial within 90 days of his arrest unless he waived his right or the time limit was tolled.[7]  The city contends that because Adkins failed to revoke his written waiver, which did not state a time limit, the time limit was tolled.[8]  At the hearing, however, Adkins claimed that the October 15, 2002 waiver was implicitly connected to the December 13, 2002 hearing date, which the judge entered on the schedule the same day.  Therefore, he argued, the waiver could not be seen as one of "unlimited duration." [9]  Although this argument raises an interesting issue concerning whether parol evidence can be used to limit the duration of a boilerplate waiver form that contains no express time limit, we need not answer that question here.

{¶ 6} Adkins did not appear for the December 13, 2002 hearing because he was in state prison.  When a defendant is so imprisoned, the speedy-trial deadline for pending offenses is tolled, and the provisions of R.C. 2941.401 prevail over conflicting provisions of R.C. 2945.71.[10]  If a defendant is aware of the pending charges, the speedy-trial deadline is tolled unless he makes a written request for final disposition.[11]  Although Adkins claims that the speedy-trial time limit was not tolled because the city failed to make a diligent effort to return him for trial, the city's duty to return him for trial was not triggered until he made a written request for final disposition under R.C. 2941.401.[12]

{¶ 7} Moreover, even if Adkins had made the request, his motion to dismiss would have been premature.  R.C. 2941.401 would have allowed the city 180 days after his request in which to bring him to trial on the charges, rather than the 90 days stated in R.C. 2945.71.  In any event, because Adkins failed to make a

---

6.  *State v. Hiatt* (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025.

7.  R.C. 2945.71 and 2945.72.

8.  *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, paragraph two of the syllabus.

9.  Id.

10.  *State v. Mavroudis,* Columbiana App. No. 02 CO 44, 2003-Ohio-3289, 2003 WL 21453468, at ¶ 27;  *State v. Cox,* Jackson App. No. 01CA10, 2002-Ohio-2382, 2002 WL 1083897, at ¶ 17.

11.  Id. at ¶ 25;  *State v. Davis* (June 4, 1997), Ross App. No. 96CA2181, 1997 WL 305217.

12.  *Cox,* supra.  We are not aware of any case holding that R.C. 2941.401 is inapplicable when the pending charges predate the defendant's incarceration, and the *Cox* court found the statute applicable in comparable circumstances.  Adkins has not filed a brief to argue the contrary, and the city's position appears reasonable on the record and argument provided.  App.R. 18(C).

written request, he was not entitled to assert any speedy-trial deadline. There-fore, it was error to grant the motion to dismiss. The city's assignment of error is sustained.

{¶ 8} Judgment reversed and case remanded for reinstatement of the charges.

Judgment reversed
and cause remanded.

COLLEEN CONWAY COONEY and SEAN C. GALLAGHER, JJ., concur.

## APPENDIX—ASSIGNMENT OF ERROR

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISS-ING THIS CASE ON SPEEDY–TRIAL GROUNDS WHERE DEFENDANT EXECUTED A WRITTEN WAIVER OF TIME AND FAILED TO FILE A WRITTEN NOTICE OF AVAILABILITY."