JOURNAL ENTRY AND OPINION
{¶ 1} The city of Cleveland appeals the dismissal for want of prosecution of its case against appellee, Jermaine Austin. After a review of the records and the arguments of the parties, we reverse the decision of the trial court for the reasons set forth below.
 {¶ 2} Appellee was issued a traffic ticket after an auto accident on November 15, 2003. He was cited for failure to stop after an accident, driving under suspension, reckless operation, failure to control and driver's seatbelt requirement. Appellee was arraigned on November 28, 2003 and pleaded not guilty.
 {¶ 3} On December 10, 2003, appellee was sentenced, by a Cuyahoga County Court of Common Pleas judge on an unrelated case, to six months' incarceration. Therefore, he did not appear at the December 16, 2003 hearing in municipal court regarding the auto accident, and a capias was issued for his return.
 {¶ 4} On March 10, 2004, appellee filed a "Motion and Request for Speedy Trial" (a.k.a. "Notice of Availability"), pursuant to R.C. 2941.401, while incarcerated at Lake Erie Correctional Institution. His case was dismissed, without hearing, by the trial court for want of prosecution in a journal entry dated March 16, 2004. The city now appeals, with one assignment of error.
 {¶ 5} "I. The trial court violated ohio revised code §2941.401 by dismissing a case when the defendant was scheduled to be released from prison 90 days from the date of his notice of availability."
 {¶ 6} The standard of review assessing the propriety of the trial court's dismissal of criminal charges over the objection of a prosecutor is abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331;State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894;State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. In order to find an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 138, 566 N.E.2d 1181; Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301 * * *.
 {¶ 7} In the instant case, appellee filed a Notice of Availability on March 10, 2004, pursuant to R.C. 2941.401. The court journalized a judgment entry on March 16, 2004 indicating that the appellee's misdemeanor traffic case was being dismissed for want of prosecution. Appellant now argues that, on speedy trial grounds, the city had 180 days from the filing of the Notice of Availability in which to prosecute the appellee. We agree. As stated by the Ohio Supreme Court in State v.Hairston, "R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term. It does not, however, allow a defendant to avoid prosecution simply because the state failed to locate him." 101 Ohio St.3d 308, 311,2004-Ohio-969, 804 N.E.2d 471; see, also, City of Cleveland v.Adkins, Cuyahoga App. No. 83295, 2004-Ohio-1118.
 {¶ 8} Appellee entered a plea of not guilty to the misdemeanor charges at an arraignment held on November 28, 2003. He was sentenced on December 10, 2003 to six months' incarceration on an unrelated felony offense by the Cuyahoga County Court of Common Pleas. When he subsequently failed to appear for the December 16, 2003 hearing in municipal court (due to his incarceration), the trial court issued a capias for his return. From the record presented, it appears that the prosecution took no action after the December 16th hearing; however, the trial court's grant of the appellee's motion to dismiss only a few days after its filing did not afford the prosecution its statutory opportunity to respond.
 {¶ 9} Although the prosecution in this case could have pursued its case against appellee while he was incarcerated had they taken even the most basic investigatory steps to determine his whereabouts at the time of the December 16, 2003 hearing, since the appellee was incarcerated in an Ohio prison, the Supreme Court has specifically declined to read a duty of reasonable diligence into the statute in question. The duty on the part of the prosecution to bring appellee to trial within 180 days of the filing of the Notice of Availability arises only after receipt of that statutory notice. Accordingly, upon the authority of Hairston, supra, we hold that the trial court abused its discretion in dismissing appellee's case.
Judgment reversed and cause remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., concurs; Cooney, J., concurs in judgment only.