JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant City of Cleveland ("City") appeals the trial court's dismissal of charges against appellee Lon L. Branham. The City assigns the following error for our review:
"I. The trial court committed reversible error by dismissing thesecases on speedy-trial grounds where the defendant failed to file awritten notice of availability."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's dismissal and reinstate the charges against Branham. The apposite facts follow.
 {¶ 3} On May 12, 2000, Branham was cited for driving under the influence in violation of Cleveland Cod. Ord. 433.01(a)(1); fleeing or eluding a police officer in violation of Cleveland Cod. Ord. 403.02(B); resisting arrest in violation of Cleveland Cod. Ord. 615.09; having a blood-alcohol content above the legal limit in violation of Cleveland Cod. Ord. 433.01(a)(3); having liquor in a motor vehicle in violation of Cleveland Cod. Ord. 614.04; possessing an open container of alcohol in violation of Cleveland Cod. Ord. 617.07; failing to wear a seat belt in violation of Cleveland Cod. Ord. 437.27(b); and peeling tires and exhaust noise in violation of Cleveland Cod. Ord. 431.36.
 {¶ 4} Branham pled not guilty on May 15, 2000 and was released upon posting bail. A pretrial hearing was scheduled for May 17, 2000 on the above charges but Branham failed to appear. A capias was issued for his arrest.
 {¶ 5} On October 11, 2000, Branham was stopped again for a traffic violation and charged with failing to have a driver's license in violation of Cleveland Cod. Ord. 435.01(a); driving an unsafe vehicle in violation of Cleveland Cod. Ord. 437.01; and failing to have a passenger seat belt in violation of Cleveland Cod. Ordinance 437.27(b)(2). A pretrial was scheduled for October 25, 2000. However, Branham failed to appear, resulting in another capias being issued for his arrest.
 {¶ 6} Almost four years later, on May 18, 2004, Branham was in custody and a pretrial hearing was conducted. Branham had been out of prison for approximately one year, when he was arrested for getting into an altercation. At that time, his outstanding cases were discovered.
 {¶ 7} At the hearing, Branham's counsel moved to dismiss the charges based on speedy trial grounds. Branham contended he was in the state penitentiary for a probation violation from August 2, 2002 until May 3, 2003. He claimed that while he was in prison, he wrote a letter to the Clerk of Courts inquiring about his pending cases and informed the court of his whereabouts and availability. Branham, however, did not have a copy of the letter and neither the court nor the prosecutor had evidence that such a letter existed.
 {¶ 8} The trial court granted the motion to dismiss the charges after concluding that the bench warrants were never entered in the computer. According to the trial court, if the bench warrants had been properly entered, the parole authorities would not have released Branham until the charges were resolved. The trial court did not feel it was fair to pursue the charges after Branham had been out of prison for a year.
 {¶ 9} In its sole assigned error, the City argues the trial court erred by dismissing Branham's charges. The City contends that because Branham failed to file a motion of availability pursuant to R.C. 2941.401, his speedy trial rights were tolled while he was in prison. We agree.
 {¶ 10} When reviewing a trial court's ruling on a speedy trial issue, we give deference to the trial court's factual findings. However, we review de novo the application of those facts to the law.[1]
 {¶ 11} Pursuant to R.C. 2941.401, when an incarcerated defendant has knowledge of new charges, it is the defendant's duty to request a final disposition of those new charges. R.C. 2941.401 provides: "When a personhas entered upon a term of imprisonment in a correctional institution ofthis state, and when during the continuance of the term of imprisonmentthere is pending in this state any untried indictment, information, orcomplaint against the prisoner, he shall be brought to trial within onehundred eighty days after he causes to be delivered to the prosecutingattorney and the appropriate court in which the matter is pending,written notice of the place of his imprisonment and a request for a finaldisposition to be made of the matter."
 {¶ 12} Therefore, pursuant to R.C. 2941.401, incarcerated defendants who are aware of active cases against them prior to their incarceration must file a notice of availability with the court and the prosecuting attorney in order to be accorded speedy trial relief. It is the receipt of the notice that triggers the speedy trial timing process.[2] Unless the notice and request are served on the prosecutor and court, R.C.2941.401 does not impose a duty on the prosecuting attorney to bring the accused to trial within the time provided.[3]
 {¶ 13} As the Ohio Supreme Court held in State v. Hairston:[4]
"R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term. It does not, however, allow a defendant to avoid prosecution simply because the state failed to locate him."[5] The Ohio Supreme Court declined to impose upon the State a duty of reasonable diligence in locating incarcerated defendants against whom charges are pending. The Court explained that the duty is first placed on the incarcerated defendant to provide notice of availability. The State's duty to bring the defendant to trial within the defendant's speedy trial time is not triggered until this notice is received.
 {¶ 14} In the instant case, Branham was in the state penitentiary for part of the time that the charges were pending. These charges were brought almost two years prior to Branham entering prison. Branham does not claim that he was unaware of the pending claims. In fact, Branham claims he sent a letter inquiring about the pending charges and advising the court that he was in prison. Branham, however, does not have a copy of the letter, and neither the court nor the prosecutor have any evidence it ever existed.
 {¶ 15} The statute specifies the proper manner of notice as follows: "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested."[6] It does not appear from the record before us that Branham, if he provided notice at all, followed these requirements.
 {¶ 16} Thus, because Branham failed to provide the requisite notice, the speedy trial time for the pending offenses was tolled while he was in prison.[7] The City's duty to return him for trial was not triggered because Branham failed to provide the requisite notice pursuant to R.C.2941.401.
 {¶ 17} Although the trial court did not believe it was fair to pursue the charges after Branham had been out of jail for a year, based on the authority of State v. Hairston, Branham cannot avoid prosecution simply because the State failed to locate him. Accordingly, the trial court erred in dismissing Branham's charges. The City's sole assigned error is sustained.
Judgment reversed and case remanded.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., J., and Cooney, J., Concur.
[1] City of Cleveland v. Adkins, 156 Ohio App.3d 482, 484,2004-Ohio-1118; State v. Hiatt (1997), 120 Ohio App.3d 247, 261.
[2] State v. Siniard, supra; State v. Dickerson (Aug. 31, 2001), 6th Dist. No. E-00-060.
[3] State v. Adkins, supra; State v. Cloud (1997), 122 Ohio App.3d 626,630.
[4] 101 Ohio St.3d 308, 2004-Ohio-969.
[5] Id. at 311.
[6] R.C. 2941.401.
[7] The time that elapsed between Branham's failure to attend his pretrials to the time he was rearrested were tolled. State v. Bauer
(1980), 61 Ohio St.2d 83, 85.