[Cite as *State v. Odums*, 2012-Ohio-1724.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Patricia A. Delaney, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011-CA-0037 |
| | : | |
| | : | |
| MAURICE ODUMS | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:        Criminal Appeal from Richland County Court of Common Pleas Case No. 2010-CR-853D and 2004-CR-785D

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        April 17, 2012

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JAMES J. MAYER, JR.
Prosecuting Attorney
Richland County, Ohio

BY: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio 44902

RYAN HOOVLER
13 Park Avenue, West
Suite 300
Mansfield, Ohio 44902

*Edwards, J.*

{¶1} Appellant, Maurice Odums, appeals a judgment of the Richland County Common Pleas Court convicting him of three counts of felonious assault (R.C. 2903.11(A)(2)), improper handling of a firearm while in a motor vehicle (R.C. 2923.16(B)), discharging a firearm on or near prohibited premises (R.C. 2923.162(A)(3)), and failure to appear (R.C. 2937.99), as well as a firearm specification pursuant to R.C. 2941.145 and a motor vehicle firearm specification pursuant to R.C. 2941.146. Appellant was sentenced to an aggregate term of incarceration of ten years. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} During the afternoon and evening of September 7, 2004, Andre "Dray" Huffman, Adolf "Skeet" Briggs and Ida Figures were sitting on the porch of 17 Granite Street in Mansfield, Ohio. At some point, Dray and Skeet went to the Quik Stop convenience store to buy pink lemonade and alcohol. While in the store, appellant came in and began speaking in a disrespectful manner to patrons of the store. Dray recognized appellant, but knew him by a street name of P-Bone or Red. In the checkout line, appellant cut in front of Dray and Skeet. They became involved in a verbal altercation.

{¶3} After Dray and Skeet checked out, they met appellant in the parking lot and more words were exchanged. Dray stated, "It was like a face-down words exchange." Tr. 141. The store clerk broke up the encounter and both parties left the store. Dray and Skeet returned to Granite Street and resumed socializing with Ida Figures on the front porch.

{¶4} Appellant got into a white Dodge Dynasty with Eugenia Au. They were followed in a red car by Jamie King and Ashley Smith, friends of Eugenia. Appellant told Eugenia in the car about an argument he got into at the Quik Stop and how he wanted to go back and fight the guy involved. Eugenia was driving the Dynasty and appellant was in the passenger seat. Appellant directed Eugenia to Granite Street.

{¶5} As they drove down Granite Street, Eugenia saw appellant hanging out the window and heard shots fired. She drove away and told appellant to get out of the car because she believed he had fired a gun from her vehicle. Jamie King saw appellant riding in the front passenger seat of Eugenia's vehicle, and saw a gun go out the window and fire from the front passenger seat. Ashley Smith also saw shots come from the white car Eugenia was driving.

{¶6} Ida Figures noticed the car coming down the street with a man riding partially outside of the vehicle, sitting on the window "like a Dukes of Hazzard thing." Tr. 118. She said, "What the fuck is this mother-fucker riding down the street like this," and then heard four or five shots fired. The three occupants of the porch dropped to the floor upon hearing the shots. Police officers who responded to the call that night found five shell casings in the street.

{¶7} The next day, a resident of 22 Granite Street called police to report that when he returned home from work at approximately 1 a.m., he discovered a shot fired into his home. Police found a bullet hole in the wall and one in the window, with drywall dust and glass on the inside of the home.

{¶8} Appellant was initially indicted in Case No. 04-CR-0785 on October 6, 2004, with improperly discharging a firearm from a motor vehicle and improperly

handling a firearm in a motor vehicle. He was arrested on a municipal court charge of Underage Consumption on October 22, 2004, and served with a warrant for a bond violation on the instant case on October 23, 2004. The State of Michigan placed a holder on appellant.

{¶9} Jury trial was scheduled in Case No. 04-CR-0785 for January 20, 2005. However, appellant failed to appear because he had been extradited to Michigan on December 13, 2004. He was convicted of possession of cocaine in Michigan and sentenced to 35 days incarceration and two years probation.

{¶10} The trial court set a new trial date for May 19, 2005, and issued a bench warrant. On May 3, 2005, the court upgraded the bench warrant from statewide to nationwide. Appellant was not arrested on the warrant until November 9, 2006, at which time he was incarcerated for an unrelated felony drug offense in Case. No. 05-CR-523, on which he ultimately was convicted and sentenced to ten months incarceration.

{¶11} The trial court set a new trial date for February 25, 2007. After several continuances, a period of incarceration on Case. No. 05-CR-523, and a change in counsel for appellant, trial was ultimately scheduled for October 11, 2007. Appellant was returned to the Richland County jail on September 19, 2007, and released on a personal recognizance bond in order to transport him to the Crossroads program to begin serving a term of three years community control also imposed in Case No. 05-CR-523. He failed to appear for his October 11, 2007, trial and absconded from the Crossroads program. A bench warrant was issued.

**{¶12}** Appellant was not arrested on the bench warrant until October 7, 2010, after a domestic violence incident in Cincinnati led to his arrest. He was returned to Mansfield and incarcerated for failing to appear in the instant case and for a probation violation in Case No. 05-CR-523.

**{¶13}** Appellant was reindicted in Case No. 10-CR-583 on three counts of felonious assault, discharging a firearm at or into an occupied structure, discharging a firearm on or near a prohibited premises, failure to appear and improperly handling a firearm in a motor vehicle, with accompanying firearm specifications and motor vehicle firearm specifications. The case proceeded to jury trial on March 24, 2011. Appellant was acquitted of improperly discharging a firearm at or into a habitation and convicted on all other counts and the firearm specifications. He assigns the following errors on appeal:

**{¶14}** "I. DEFENDANT/APPELLANT WAS DENIED A FAIR TRIAL BECAUSE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

**{¶15}** "II. THE JURY VERDICT IN COUNT, I, II, III, V AND VII, WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.

**{¶16}** "III. THE JURY VERDICT IN COUNT I, II, III, V AND VII, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶17}** "IV. THE JURY VERDICT IN BOTH GUN SPECIFICATIONS, WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.

**{¶18}** "V. THE JURY VERDICT IN BOTH GUN SPECIFICATIONS, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

**{¶19}** In his first assignment of error, appellant argues his trial counsel was ineffective for failing to file a motion to dismiss on speedy trial grounds.

**{¶20}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.* In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." *State v. Carter,* 72 Ohio St.3d 545, 558, 1995–Ohio–104, 651 N.E.2d 965, citing *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 842–843, 122 L.Ed.2d 180.

**{¶21}** An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. To determine whether an accused's right to a speedy trial has been

violated, the United States Supreme Court has devised a balancing test that requires courts to balance and weigh the conduct of the prosecution and that of the accused by examining four factors: the length of the delay, the reason for the delay, whether the accused has asserted his speedy trial rights, and any resulting prejudice to the accused. *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶22} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the state to bring a defendant who has not waived his rights to a speedy trial to trial within the time specified by the particular statute. R.C. 2945.71 *et seq.* applies to defendants generally. R.C. 2945.71 provides:

{¶23} "(C) A person against whom a charge of felony is pending:

{¶24} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."

{¶25} If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days. R.C. 2945.71(E). This "triple count" provision is applied only when the defendant is being held in jail solely on the pending charge. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 357 N.E.2d 40, paragraph one of the syllabus. The day of the arrest is not counted when computing speedy trial time. *State v. Jenkins,* 2011–Ohio–837 at ¶ 15, Cuyahoga App. No. 95006, citing *State v. Masters,* 172 Ohio App.3d 666, 2007–Ohio–4229, 876 N.E.2d 1007.

{¶26} A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin,* Richland App. No. 2004–CA–103, 2005–Ohio–3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a *de novo*

standard of review and thus freely review the trial court's application of the law to the facts. *Id.* When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. In *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 1996–Ohio–171, 661 N.E.2d 706, 709, the court reiterated its prior admonition "to strictly construe the speedy trial statutes against the state."

{¶27} "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley,* 162 Ohio App.3d 730, 2005–Ohio–4337, 834 N.E.2d 887, ¶ 19. The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. 2945.72.

{¶28} Appellant was arrested on September 10, 2004, and bonded out on October 1, 2004. The triple count provision applies for this time, for a total of sixty-three days elapsed. Although he was re-arrested on October 22, 2004, triple-count time does not apply because appellant was not being held solely on the pending charge. A holder had been placed on appellant by the state of Michigan due to a drug charge pending in Michigan.

{¶29} Appellant was extradited to Michigan on December 13, 2004, to face criminal charges for which he was convicted and sentenced to thirty-five days imprisonment. Pursuant to R.C. 2945.72(A), the period within which the accused must be brought to trial is tolled for "any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings." The period of time between October 1, 2004, and December

13, 2004, is 73 days, bringing the total number of days that had elapsed on the speedy trial clock as of the day of his extradition to Michigan to 136.

**{¶30}** Jury trial was scheduled for January 21, 2005. The trial court continued the trial due to appellant's unavailability for trial based on his conviction and sentence in Michigan. Jury trial was rescheduled for May 19, 2005. On January 26, 2005, the court issued a bench warrant for appellant's arrest for failure to appear. After a pretrial on May 2, 2005, the trial court upgraded the bench warrant for failure to appear from a statewide warrant to a nationwide warrant. The docket reflects that on May 18, 2005, the court cancelled the trial scheduled for May 19, 2005. The bench warrant was not served on appellant until November 9, 2006.

**{¶31}** The Ohio Supreme Court has held that a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time that elapses from his original arrest date until he is subsequently rearrested. *State v. Bauer* (1980), 61 Ohio St.2d 83, 85, 399 N.E.2d 555. Thus, the failure to appear on a trial date causes the speedy-trial time to begin running anew from the date of the accused's rearrest, and is not merely tolled during that time. *State v. Meyer*, First Dist. C-090802, 2011-Ohio-1357, ¶10.

**{¶32}** Appellant failed to appear for his January 21, 2005, trial date, and although there is no judgment entry specifically stating that he failed to appear for the May 2, 2005, pretrial, it appears from the fact that the court upgraded the warrant to nationwide and cancelled the May 19, 2005, jury trial that appellant's whereabouts were unknown at that time. Further, the bench warrant issued in January 2005, had not been

executed. In fact, appellant was not arrested on the bench warrant until November 9, 2006, and due to extradition proceedings was not returned to Richland County until November 22, 2006. As cited earlier, R.C. 2945.72(A) tolls the clock while extradition proceedings are pending. Thus the clock began to run again on November 22, 2006, at which point the State had a new 270 days to bring appellant to trial.

**{¶33}** At the time appellant was returned to the Richland County jail, he was also being held on pending drug offense charges in Case No. 05-CR-523, as well as three municipal court cases on which he had failed to appear. Thus, he was not being held in jail solely on the pending charge and the triple-count provision did not apply.

**{¶34}** From the time of appellant's extradition on November 22, 2006, until February 23, 2007, 93 days elapsed. On February 23, 2007, his attorney filed a motion to withdraw as counsel. The court granted the motion and appointed new counsel on March 14, 2007. R.C. 2945.72(E) tolls the speedy trial time for any period of delay necessitated by a motion filed by the accused. Thus, the speedy trial time was tolled from February 23, 2007, until March 14, 2007.

**{¶35}** Between March 14, 2007 and March 26, 2007, twelve days elapsed, bringing the total number of days charged against the state to 105 days. On March 26, 2007, appellant filed a motion for a bond hearing, again tolling the clock pursuant to R.C. 2945.72(E). The motion was ruled on by the court on April 30, 2007.

**{¶36}** From April 30, 2007 until July 12, 2007, 73 days elapsed, bringing the total to 178 days. On July 12, 2007, appellant began serving a prison sentence on Case No. 05-CR-523.

{¶37} If a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring him or her to trial. *State v. Fowler* (Sept. 4, 1987), Tuscarawas App. No. 87AP010009, 1987 WL 16874; *State v. Butcher* (Dec. 12, 1985), Cuyahoga App. No. 49879, affirmed on other grounds (1986), 27 Ohio St.3d 28, 500 N.E.2d 1368. R.C. 2941.401 provides in pertinent part:

{¶38} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner."

{¶39} Once the defendant substantially complies with R.C. 2941.401, the state must bring him or her to trial within one hundred eighty days. Id. When a defendant is imprisoned, the speedy-trial deadline for pending offenses is tolled unless he makes a

written request for final disposition. *Cleveland v. Adkins*, 156 Ohio App.3d 482, 484, 806 N.E.2d 1007, 1008, 2004-Ohio-1118.

{¶40} Appellant did not make a demand for trial pursuant to R.C. 2941.401, and thus the speedy trial clock was tolled at 178 days from July 12, 2007, until he was released on September 19, 2007. Trial was set for October 11, 2007, at which point in time only 199 of the 270 days the State had to bring appellant to trial had elapsed.

{¶41} Appellant once again failed to appear for his October 11, 2007, trial. Appellant was serving the community control portion of his sentence on Case No. 05-CR-523 at Crossroads, a halfway house program. He signed himself out of Crossroads on October 11, 2007, for trial, but never appeared for trial. A bench warrant was issued for his arrest, and he was not arrested on the warrant until October 7, 2010. Pursuant to *Bauer*, supra, as of October 7, 2010, the state had a new 270 days in which to bring appellant to trial.

{¶42} When appellant was arrested, he was held not only on the instant case, but also on a probation violation from Case No. 05-CR-523. Therefore the days were not triple counted, as he was not held solely on the pending charges. *McDonald*, supra. He was brought to trial on March 24, 2011, 168 days after his arrest.

{¶43} Appellant has not demonstrated prejudice from counsel's failure to file a motion to dismiss on speedy trial grounds because appellant has not demonstrated that had such motion been filed, his charges would have been dismissed.

{¶44} The first assignment of error is overruled.

II, III

**{¶45}** In his second and third assignments of error, appellant argues that his convictions on counts I, II, III, V, and VII were against the manifest weight and sufficiency of the evidence.

**{¶46}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

**{¶47}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶48}** In Counts I, II, and III, appellant was convicted of three counts of felonious assault in violation of R.C. 2903.11(A)(2):

**{¶49}** "(A) No person shall knowingly do either of the following:

**{¶50}** "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

**{¶51}** Appellant was convicted in Count V of improper handling of a firearm while in a motor vehicle as defined by R.C. 2923.16(B):

**{¶52}** "(B) No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

**{¶53}** In Count VII, appellant was convicted of failure to appear in violation of R.C. 2937.99(A):

**{¶54}** "(A) No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section."

**{¶55}** Appellant argues that as to all counts, the State did not present evidence that he had a gun, shot a gun out of a motor vehicle or had possession of a firearm.

**{¶56}** Count VII, failure to appear, does not require any proof that appellant had a firearm or used a firearm. Appellant makes no argument that the State failed to prove this charge, and the State did in fact present evidence that appellant failed to appear for trial after being released on a personal recognizance bond.

**{¶57}** As to the other counts, while none of the witnesses testified directly that they saw appellant shoot the firearm out of the passenger window, there was testimony that he was seated on the passenger side of the vehicle and a gun was fired from the window on that side of the vehicle.

**{¶58}** Andre Huffman and Adolf Briggs testified that they were involved in a heated verbal altercation with appellant early the day of the shooting at the Quik Stop,

and he left in a white or tan car. Eugenia Au testified that appellant was angry when he got into her white car and wanted to fight with the men he had argued with in the Quik Stop. He directed her to drive to Granite Street. Huffman and Briggs were sitting on the porch of a home on Granite Street with Ida Figures. Au did not see the gun but heard shots fired while appellant was hanging out of her passenger side window. She made appellant get out of the car because she believed he had fired a gun from her car. Ashley Smith testified that appellant was in the passenger seat of Au's vehicle, and she saw shots fired from that side of the vehicle. Jamie King also testified that appellant was seated in the passenger seat in Au's vehicle, and she saw a gun come out the passenger side window and fire. Huffman testified that he saw a man on the passenger side of a white Dodge vehicle brandish a gun and fire four to five shots. Figures saw a person hanging out of the window on the passenger side and fire four or five shots. Five shell casings were found by police in the street, and a neighbor found bullet holes in his home upon returning after work.

{¶59} The judgment is supported by sufficient evidence and is not against the manifest weight of the evidence. The second and third assignments of error are overruled.

IV, V

{¶60} Appellant argues that neither gun specification is supported by the evidence and that the convictions on both gun specifications are against the manifest weight of the evidence.

{¶61} Appellant was found guilty of two firearm specifications:

**{¶62}** "(A) Imposition of a three-year mandatory prison term upon an offender under division (B)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2941.145.

**{¶63}** "(A) Imposition of a mandatory five-year prison term upon an offender under division (B)(1)(c) of section 2929.14 of the Revised Code for committing a violation of section 2923.161 of the Revised Code or for committing a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle other than a manufactured home is precluded unless the indictment, count in the indictment, or information charging the offender specifies that the offender committed the offense by discharging a firearm from a motor vehicle other than a manufactured home." R.C. 2941.146.

**{¶64}** Appellant argues again that the State failed to present evidence that he had used or fired a firearm from a motor vehicle. For the reasons stated in Assignments II and III above, this argument is without merit.

**{¶65}** Appellant also argues the State failed to prove the weapon was operable. The firing of a gun during the commission of an offense is sufficient proof that the firearm is operable to support a conviction on a firearm offense. *State v. Pondexter*, Eighth Dist. 66741, 1995 WL 92174.

**{¶66}** The fourth and fifth assignments of error are overruled.

**{¶67}** The judgment of the Richland County Common Pleas Court is affirmed.

By: Edwards, J.

Delaney, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0120

[Cite as *State v. Odums*, **2012-Ohio-1724.**]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MAURICE ODUMS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-0037 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES