[Cite as *State v. Charity*, 2013-Ohio-5385.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 12 MA 214 |
| V. | ) | |
| | ) | OPINION |
| EARL CHARITY, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
                               Pleas of Mahoning County, Ohio
                               Case No. 10CR1161A

JUDGMENT:                      Reversed

APPEARANCES:
For Plaintiff-Appellant        Paul Gains
                               Prosecutor
                               Ralph M. Rivera
                               Assistant Prosecutor
                               21 W. Boardman St., 6th Floor
                               Youngstown, Ohio 44503

For Defendant-Appellee         Attorney Ronald E. Knickerbocker
                               725 Boardman Canfield Rd., Unit L-1
                               P.O. Box 3202
                               Youngstown, Ohio 44513

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 6, 2013

DONOFRIO, J.

{¶1} Plaintiff-appellant, the State of Ohio, appeals from a Mahoning County Common Pleas Court judgment dismissing the aggravated murder indictment against defendant-appellee, Earl Charity, III, on speedy trial grounds.

{¶2} On October 14, 2010, a Mahoning County Grand Jury indicted appellee and co-defendant, Marcus Rutledge, on one count of aggravated murder, a first-degree felony in violation of R.C. 2903.01(A)(F), with an accompanying firearm specification, alleging they caused the death of Darrick Hall.

{¶3} Appellee was served with the indictment on October 15, 2010, while he was in the Mahoning County Jail on unrelated charges. At the time, appellee also had pending an indictment for felonious assault (case 10 CR 349) and an indictment for burglary (10 CR 980). During the entire course of this case, appellee has been incarcerated on other charges.

{¶4} Appellee entered a not guilty plea. The case was continued several times at both appellee's and the state's request.

{¶5} On June 8, 2011, appellee was sentenced to four years in prison in case 06 CR 1099 (violation of community control) and three years in prison in case 10 CR 980 (burglary), to be served concurrently. The trial court judge presiding over cases 06 CR 1099 and 10 CR 980 was not the same judge presiding over the aggravated murder case.

{¶6} The case at hand was ultimately set for trial on July 30, 2012. On that day, appellee filed a motion to dismiss the indictment alleging the state failed to provide him with a speedy trial. Appellee never executed a speedy trial waiver.

{¶7} The trial court held a hearing on appellee's motion where both parties presented arguments. The court found that the state failed to bring appellee to trial within the statutory speedy trial time limit. Therefore, it dismissed the indictment.

{¶8} The state filed a timely notice of appeal on December 4, 2012.

{¶9} The state raises a single assignment of error that states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED DEFENDANT'S INDICTMENT; BECAUSE COMPETENT AND CREDIBLE

EVIDENCE DOES NOT ESTABLISH THAT THE TRIAL COURT PROPERLY APPLIED R.C. 2945.71, ET SEQ. AND R.C. 2941.401 TO DEFENDANT'S SPEEDY TRIAL CALCULATION, AND DEFENDANT'S SPEEDY TRIAL CLOCK DID NOT REACH THE 270TH DAY PURSUANT TO R.C. 2945.71, ET SEQ. OR THE 180TH DAY PURSUANT TO R.C. 2941.401.

{¶10} Ohio has two speedy trial statutes. *State v. Beckett*, 7th Dist. No. 06 HA 584, 2007-Ohio-3175, ¶23. R.C. 2945.71, et seq., the general speedy trial statute, governs most cases. *Id.* But R.C. 2941.401 applies when the defendant is serving a prison sentence. *Id.* This case involves the proper application of these statutes.

{¶11} Pursuant to R.C. 2945.71(C), a person against whom a felony charge is pending shall be brought to trial within 270 days of the person's arrest. Various events can toll the speedy trial clock such as continuances on the accused's motion, delays due to the accused's lack of counsel, and periods during which the accused is mentally incompetent to stand trial, in addition to other specified tolling events. R.C. 2945.72. If the state fails to bring the accused to trial within the statutory speedy trial time limits, the accused shall be discharged. R.C. 2945.73.

{¶12} On the other hand, R.C. 2941.401 provides in pertinent part:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a

certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

\* \* \*

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

**{¶13}** The general issue in this case is whether the trial court properly applied the above speedy trial statutes.

**{¶14}** Statutory speedy trial issues present mixed questions of law and fact. *State v. Hiatt*, 120 Ohio App.3d 247, 261, 697 N.E.2d 1025 (4th Dist.1997). Therefore, appellate courts must "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." *Id.* Courts must then independently review whether an accused was deprived

of his statutory right to a speedy trial, strictly construing the law against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996); *State v. High*, 143 Ohio App.3d 232, 242, 757 N.E.2d 1176 (7th Dist.2001).

**{¶15}** The state breaks its assignment of error down into three issues for review. We must answer each question posed by the state in order to resolve its assignment of error. The state's first issue asks:

> Did the trial court properly apply R.C. 2945.71, et seq. and R.C. 2941.401 to the appropriate time periods when it determined Defendant's speedy trial calculation?

**{¶16}** The trial court's judgment entry does not mention R.C. 2941.401. It states only that the indictment is dismissed because the state failed to bring appellee "to trial within the statutory guidelines of ORC §2945.71, et seq." Hence, it seems the trial court did not find R.C. 2941.401 to be applicable in this case.

**{¶17}** The state argues the trial court did not apply R.C. 2945.71, et seq. and R.C. 2941.401 to the appropriate time periods when it calculated appellee's speedy trial time. It asserts the court should have applied R.C. 2945.71, et seq. and its tolling provisions from the time appellee was arrested for aggravated murder on October 15, 2010, until he was sentenced to prison on June 7, 2011, in cases 2006 CR 1099 and 2010 CR 980. Thereafter, the state asserts, the court was required to apply the 180-day requirement of R.C. 2941.401. However, it argues, the trial court's judgment entry suggests it never applied R.C. 2941.401.

**{¶18}** On June, 7, 2011, appellee was sentenced to four years in prison on cases 2006 CR 1099 and 2010 CR 980. But he did not go to prison on that date. Appellee remained in the Mahoning County Jail at that time.

**{¶19}** The state argues that because appellee was sentenced to a term of imprisonment, R.C. 2941.401 applied. It relies on this court's decision in *Beckett*, 7th Dist. No. 06 HA 584. In *Beckett*, we stated that R.C. 2941.401's speedy trial rights, as opposed to R.C. 2945.71's speedy trial rights, apply when a defendant is serving a prison sentence. *Id.* at ¶23. We further noted that R.C. 2941.401 applies even if

the defendant enters a term of imprisonment for a previous conviction while awaiting trial on new charges. *Id.*

**{¶20}** *Beckett*, however, is distinguishable on this point because in *Beckett* the defendant was actually in prison, not in the county jail. And in *Beckett*, we relied on *State v. Beverly*, 4th Dist. No. 04CA2809, 2005-Ohio-4954, in which the defendant was also serving his term of incarceration in prison.

**{¶21}** By its terms, R.C. 2941.401 applies to prisoners who have "entered upon a term of imprisonment in a correctional institution of this state." The notices in the statute must then go through "the warden or superintendent having custody" of the prisoner. R.C. 2941.401. A county jail is not a "correctional institution of this state." *State v. Barr*, 11th Dist. No. 2008-P-0031, 2009-Ohio-1146, ¶37; *State v. Siniard*, 6th Dist. No. H-03-008, 2004-Ohio-1043, ¶9; *City of Newark v. Barcus*, 5th Dist. No. 94 CA 00015, 1994 WL 590498 (Sept. 9, 1994), superseded by statute on other grounds. Likewise, the county sheriff, who has custody over prisoners at the county jail, is not a "warden or superintendent." *Barr*, ¶37.

**{¶22}** Appellee was sentenced to prison on June 7, 2011. But he remained in the county jail until the next relevant date we reach in addressing R.C. 2941.401, which is November 8, 2011. According to the Ohio Department of Rehabilitation and Correction's records, this is the date appellee was admitted into prison at the Lorain Correctional Institution.

**{¶23}** Appellee asserts that he was only in the Lorain Correctional Institution for one week and then he was returned to the Mahoning County Jail to await trial on his pending charges. Thus, he asserts that even if R.C. 2941.401 applied, it only applied for one week and then R.C. 2945.71 applied again. There is no documentation in the record to confirm when appellee may have left prison and returned to jail. We cannot know for certain how long appellee was in the Lorain Correctional Institution and at what point he was returned to the Mahoning County Jail. Moreover, once appellee was admitted to prison, he was serving a prison sentence and was under the control and supervision of the prison warden even if he was returned to the county jail for a period of time to deal with other pending charges.

**{¶24}** The weight of authority on this subject, including case law from this court, advises that once a defendant is admitted to prison, R.C. 2945.71, et seq. ceases to apply and R.C. 2941.401 takes over. *State v. Stewart*, 2d Dist. No. 21462, 2006-Ohio-4164, ¶21 ("When a defendant is incarcerated in this state on other charges, R.C. 2941.401, a specific statute, prevails over the general speedy trial statutes of R.C. 2945.71 et seq., and governs the time within which the state must bring him or her to trial."), citing *State v. Munns*, 5th Dist. No.2005-CA-0065, 2006-Ohio-1852, ¶16; *State v. Mavroudis*, 7th Dist. No. 02 CO 44, 2003-Ohio-3289, ¶27; *State v. Cox*, 4th Dist. No. 01 CA10, 2002-Ohio-2382, ¶17; *State v. Pesci*, 11th Dist. No.2001-L-026, 2002-Ohio-7131, ¶¶41-43; *State v. Ward*, 12th Dist. No. CA99-12-114, 2000 WL 1370993 (Sept. 25, 2000); *State v. Fox*, 8th Dist. No. 63100, 1992 WL 309353 (Oct. 22, 1992). When a defendant is serving time in state prison, the speedy-trial time for pending charges is tolled and R.C. 2941.401's provisions prevail over conflicting provisions of R.C. 2945.71. *Cleveland v. Adkins*, 156 Ohio App.3d 482, 2004-Ohio-1118, 806 N.E.2d 1007, ¶6 (8th Dist.).

**{¶25}** Based on the above, we conclude that once appellee entered prison on November 8, 2011, R.C. 2945.71 ceased to apply and R.C. 2941.401 took over. As such, the answer to the state's first issue for review is that the trial court did not properly apply R.C. 2945.71 and R.C. 2941.401 to the appropriate time periods.

**{¶26}** The state's second issue for review asks:

Did Defendant's speedy trial clock reach the 270th day before R.C. 2941.401 governed after R.C. 2945.71, et seq. ceased to apply to Defendant's speedy trial calculation when Judge Thomas P. Curran sentenced him to a term of incarceration in case nos. 2006 CR 1099 and 2010 CR 980?

**{¶27}** The state first notes the parties agree that the three-for-one provision in R.C. 2945.71(E) did not apply to appellee because he was being held at all times on multiple offenses. Thus, it had 270 days to bring appellee to trial.

**{¶28}** The parties also agree that appellee's speedy trial clock began to run

on October 16, 2010.

**{¶29}** On November 16, 2010, the trial court continued all of appellee's cases by agreement of the parties and set the matter for pretrial on November 29, 2010. This agreed continuance tolled appellee's speedy trial clock. R.C. 2945.72(H); *State v. Brown*, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, ¶44. At this time 31 days had elapsed on appellee's speedy trial clock.

**{¶30}** Appellee's speedy trial clock began to run again on November 30, 2010.

**{¶31}** The trial court held a pretrial on March 14, 2011. At this time, by agreement of the parties, the court continued appellee's March 28, 2011 trial date to July 11, 2011. Again, the agreed continuance tolled appellee's speedy trial time. R.C. 2945.72(H); *Brown*, 2005-Ohio-2939, ¶44. The time elapsed on appellee's speedy trial clock on March 28, 2011, was 118 days.

**{¶32}** On June 7, 2011, while appellee was awaiting his July 11, 2011 trial, he was found guilty and sentenced to prison in cases 10 CR 980 and 06 CR 1099.

**{¶33}** On June 29, 2011, the state filed a motion to continue stating that a necessary detective-witness would be unavailable from July 11, until July 18, 2011.

**{¶34}** But the next entry we have on the docket is dated May 23, 2012. It states that a pretrial was held and the case was scheduled for trial on July 30, 2012.

**{¶35}** Clearly, the trial court must have granted the state's June 29, 2011 motion to continue. But the record does not reflect this. We have a gap in the record from June 29, 2011, until May 23, 2012. What other continuances the court may have granted during that time is unclear. In reviewing legal issues in a speedy trial claim, we must strictly construe the statutes against the State. *State v. Hopkins*, 7th Dist. No. 11 MA 107, 2012-Ohio-303, ¶12. Thus, given the uncertainty presented by the record, we must conclude that appellee's speedy trial time began to run again on July 11, 2011, the date his trial was set for when the state moved to continue it.

**{¶36}** The next relevant date in appellee's timeline is November 8, 2011. That is the day appellee was admitted to prison. From July 11, to November 8, 2011, 120 days elapsed on appellee's speedy trial clock. This brought his speedy trial total

to 238 days.

**{¶37}** As discussed above, once appellee was admitted to prison, R.C. 2945.71 ceased to apply and R.C. 2941.401 took over. Hence, the answer to the state's second question is that appellee's speedy trial clock did not reach the 270th day before R.C. 2941.401 governed.

**{¶38}** The state's third and final issue for review asks:

Did Defendant properly trigger the running of the 180-day requirement pursuant to R.C. 2941.401, and if so, did Defendant's speedy trial clock reach the 180th day pursuant to R.C. 2941.401?

**{¶39}** The state argues appellee failed to trigger the running of the 180-day requirement pursuant to R.C. 2941.401. It asserts the initial duty is on the defendant to send written notice to the state and the trial court requesting disposition of any untried indictments. And it claims that the warden's failure to inform the defendant of a pending charge does not excuse the defendant's duty to trigger the running of his speedy trial rights when the defendant is fully aware of the pending charge. Because appellee was served with the indictment and arraigned on the aggravated murder charge, the state argues he was well aware of the pending charge against him. Thus, the state contends any failure by the warden to notify appellee of the pending indictment is irrelevant because appellee was clearly aware of it. Because appellee failed to trigger the running of the 180-day requirement of R.C. 2941.401, the state asserts appellee's speedy trial time has not expired.

**{¶40}** According to R.C. 2941.401, the 180-day speedy trial time begins to run when the defendant "causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter." The statute also places a duty on the warden to "promptly inform" the defendant "in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof." R.C. 2941.401.

{¶41} In this case, appellee did not send written notice to the prosecutor or the trial court of the place of his imprisonment or request final disposition of the pending indictment. Appellee contends that because the warden never informed him in writing of the untried indictment and his right to make a request for its disposition, the state cannot rely on his failure to demand disposition. Therefore, he asserts the 180-day period would have begun to run once he was admitted to prison.

{¶42} In *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶26, the Ohio Supreme Court held:

> R.C. 2941.401 places a duty on an incarcerated defendant to "cause[ ] to be delivered to the prosecuting attorney and the appropriate court * * * written notice of the place of his imprisonment and a request for a final disposition to be made of the matter[ ]" and that the duty to bring such a defendant to trial within 180 days of the written notice and request arises only after receipt of that statutory notice.

In so holding, the Court noted that the warden in that case had no knowledge of the charges pending against the defendant and, therefore, had no duty to inform the defendant of the charges. *Id.* at ¶21. The Court declined to read a duty of reasonable diligence into the statute, which would place the burden on the state. *Id.* at ¶22.

{¶44} This court addressed the issue in *Beckett*, 2007-Ohio-3175. Applying the Fourth District's reasoning, we held that when a defendant is clearly aware of the charge pending against him, the fact that the warden failed to notify him of the charge does not excuse the defendant's duty to trigger the running of his speedy trial rights under R.C. 2941.401. *Id.* at ¶¶37-39, citing *State v. Brown*, 131 Ohio App.3d 387, 393, 722 N.E.2d 594 (4th Dist.1998). We determined that the defendant in that case was clearly aware of the pending charge against him because he received the indictment, was arraigned on the charge, and was aware of the charge at a community control hearing. *Id.* at ¶38.

{¶45} Like the defendant in *Beckett*, appellee was clearly aware of the indictment against him. He was served with a copy of the indictment while he was in

jail. He was also arraigned on the aggravated murder charge. Thus, appellee was fully aware of the aggravated murder indictment. Consequently, the duty was on appellee to trigger the running of R.C. 2941.401's 180-day speedy trial time.

**{¶46}** Because appellee failed to trigger the 180-day speedy time, the state was not under an obligation to bring him to trial within this time. *Beckett*, at ¶39.

**{¶47}** Therefore, the answer to the state's third question is that appellee did not properly trigger the running of the 180-day requirement pursuant to R.C. 2941.401, and, therefore, appellee's speedy trial clock did not reach the 180th day pursuant to R.C. 2941.401.

**{¶48}** In sum, based on the above resolution of the state's issues for review, fewer than 270 days elapsed on appellee's speedy trial clock under R.C. 2945.71 before R.C. 2941.401 took over as the applicable speedy trial statute. And because appellee failed to trigger the running of R.C. 2941.401's 180-day requirement, his speedy trial time did not expire.

**{¶49}** Accordingly, the state's sole assignment of error has merit.

**{¶50}** For the reasons stated above, the trial court's judgment is hereby reversed and appellee's indictment is reinstated.

Vukovich, J., concurs.

Waite, J., concurs.